UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHANNON EWING,
   Petitioner,

v.

CIVIL ACTION NO.
05-11850-RGS

KENNETH W. NELSON,
   Respondent.

**MEMORANDUM AND ORDER RE:
MOTION FOR APPOINTMENT OF COUNSEL
(NO DOCKET ENTRY NO. ASSIGNED)
AND
<u>ORDER TO ANSWER</u>**

**November 23, 2005**

**BOWLER, U.S.M.J.**

    On September 13, 2005, petitioner Shannon Ewing ("petitioner") filed the above styled petition for writ of habeas corpus and a motion for appointment of counsel. Petitioner paid the filing fee and is not proceeding <u>in forma pauperis</u>. Hence, the provisions of 28 U.S.C. § 1915(e) which, by its heading govern "Proceedings in forma pauperis," do not apply.

    Section 3006A allows for appointment of counsel where the "interests of justice so require" and the person is "financially eligible" and seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A(2)(B); <u>see</u> <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990) ("court may appoint counsel for any financially eligible person seeking relief under section 2254 when the interests of justice so require"). Unless the court conducts an

evidentiary hearing, however, such an appointment is discretionary.  See <u>Heath v. United States Parole Commission</u>, 788 F.2d 85, 88 (2d Cir. 1986) (noting discretionary nature of appointment); <u>see also</u> <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994) (if "court conducts an evidentiary hearing on the petition the interests of justice require that the court appoint counsel").

The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts.  See <u>United States v. Mala</u>, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three aforementioned circumstances, and citing <u>Battle v. Armontrout</u>, 902 F.2d at 702, a section 2254 case); <u>Battle v. Armontrout</u>, 902 F.2d at 702 (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his ability to investigate); <u>see also</u> <u>Abdullah v. Norris</u>, 18 F.3d at 573 (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in determining appointment of counsel under section 3006A(a)(2)).

At this preliminary stage, the issues are not complex.

Petitioner may reapply for appointment in the event this court conducts an evidentiary hearing and/or the case proceeds to a more complex stage involving nonfrivolous claims. The motion for appointment of counsel (No Docket Entry No. Assigned) is therefore **DENIED** without prejudice.

In accordance with the Rules Governing Section 2254 Cases in the United States District Courts, respondent Kenneth W. Nelson ("respondent") is **ORDERED** to file an answer to the petition within 20 days after receipt of this Order, exclusive of the day of receipt.

Pursuant to Rule 4, a copy of the petition, the memorandum in support and the civil cover sheet shall be served on respondent and the Attorney General for the Commonwealth of Massachusetts by certified mail. The deadline for filing a dispositive motion or memorandum in opposition to the petition is December 19, 2005.

In the event respondent wishes to raise an exhaustion defense in any dispositive motion or memorandum in opposition to the petition, respondent is also directed to brief the merits of all the claims inasmuch as this court has the discretion under 28 U.S.C. § 2254(b)(2) to deny an application on the merits notwithstanding a petitioner's failure to exhaust available state court remedies. Respondent should file all necessary state court records. In the event respondent argues that one or more claims

fails on the merits under section 2254(d) or under a <u>de novo</u> standard of review, <u>see</u> <u>Fortini, III v. Murphy</u>, 257 F.3d 39, 47 (1st Cir. 2001), respondent is instructed to file the state court transcripts of the trial.  Respondent is also advised to file the trial transcripts in the event respondent's argument[s] regarding any procedural default implicate or inevitably lead to a cause and prejudice or miscarriage of justice analysis.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge