UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                                                                                Civil Action No.
                                                                                05-11850-RGS

SHANNON EWING,
   Petitioner,

   vs.

KENNETH W. Nelson,
      Respndent.

## MOTION TO STAY PROCEEDINGS

Now comes the Petitioner, Shannon Ewing, A Prisoner lawfully in the custody of the Massachusetts Department of Correction, At Bridgewater State Hospital, In the above-entitled matter, Pursuant to Fed.R.Civ.P. 62, Respectfully moves this Honorable Court for a Motion to Stay Proceedings, or in the alternative, Motion for Abeyance all proceedings to Petitioner's First Pro-se 28 U.S.C. § 2254 Federal Habeas Corpus Petition that was filed on September 13, 2005.

In support of said Motion, The Petitioner contends that such a request for a Stay is judically appropriate and vitally necessary to seek State adjudication of Federal Constitutional claims that failed to be adequately raised in the State's highest Court. On April 26, 2004, The Petitioner filed a Motion for reinstatement of Appellate Rights in the Massachusetts Appeals Court relative to this Action. On May 3, 2004, The Appeals Court allowed Petitioner's Motion. On July 19, 2004, Petitioner filed the brief in the Appeals Court. and On November 9, 2004, The Commonwealth filed its brief. On April 19, 2005, the Appeals Court by

Summary disposition (Rule 1:28) denied Petitioner relief and affirmed the denial of Petitioner's Motion for a New Trial (Mass.R.Crim.P. 30). On April 28, 2005, The Statutory twenty-days for filing Applications for further Appellate Review Pursuant to Mass.R.App.P. 27.1 had run out.

On Septmeber 13, 2005, Petitioner filed the instant 28 U.S.C. § 2254 Petition. Upon sober reflection, The Petitioner discovered the error and concluded that the pro-se Petition contained unexhausted issues due to the failure of the Petitioner to seek Review within the Statutory twenty-day time limit. On October 13, 2005, The Petitioner filed for that required Review to the State's Supreme Judicial Court (SJC) Pursuant to G.L.c 211A § 11(b). On October 21, 2005, the SJC accepted the Application for docketing (FAR-15064). While, This Problem does not include a " mixed " Petition.

It inevitable involves an unexhausted claims and the same analysis applys. The exhaustion doctrine honors hollowed principles of Federal - state comity. It serves to ensure that the State Courts are sufficiently apprised of a Federal claim to have a meaningful opprotunity to address that claim. In order to achieve exhaustion, The Petitioner must have presented both the factual and legal underpinnings of Petitioner's Federal claim to the highest Court. See Scarpa vs. DuBois, 38 F.3d 1, 6 (1st Cir. 1994). It is not enough that a Petitioner may have presented a Federal claim to the State's Trial Court and then to an intermediate Appellate Court. Under Massachusetts law, a Petitioner, in order to gain Federal Review, must file an Application for Reiew Pursuant to Rule 27.1. See Mele vs. Ficthburg Dist. Court, 850 F.2d 817 (1st Cir. 1988)(Habeas

(3)

Corpus denied under Exhaustion Rule because Petitioner failed to raise Constitutional arguments in ALOFAR). In short, A Petitioner must invoke one complete round of the State's established Appellate Review Process. See Cravalho vs. Main, 300 F.Supp.2d 189 (D.Me. 2004). Technically, The Petitioner satisfied this requirement by Petitioning the Supreme Judicial Court under thier approved mechinism.

However, It would best serve all parties if this Court will order a Stay pending the disposition of the Action in the Supreme Judicial Court takes. In the Post-AEDPA world Courts have been reminded of the importance of retaining jurisdiction of an unexhausted Petition and Staying all proceedings until proper exhaustion is completed. See Wojcik vs. Spencer, 198 F. supp. 2d 1 (D.Mass 2002)(Staying proceedings in 28 U.S.C. § 2254 cases); Neverson vs. Bissonnette, 261 F.3d 120, 126 N.3 (1st cir 2001)(Same); Demaria vs. Verdini, 214 F. Supp. 2d 57 (D.Mass 2002)(Same).

In Delaney vs. Matesanz, 264 F.3d 7 (1st Cir. 2001), The First circuit reitirated this basic proposition when if found that a "[P]etitioner voluntarily withdrew his Application when the Commonwealth pointed out that it contained unexhausted claims, After pursuing all available State remedies, The Petitioner returned to Federal Court. At this Juncture, The Court dismissed his New Application as untimely. The Court holds that the Petitioner perhaps could have omproved his position by requesting that the district Court Stay, Rather then dismiss, Petition No.1." Delaney, 264 F.3d at 14. The Courts Protect a Petitioner's availsability to the great Writ. See Rhines vs. Weber, 125 S.Ct 1528 (2005)(Stays in 28 U.S.C.

(4)

§ 2254 cases). The Petitioner states that a Stay will not be overburdensome on the Commonwealth in light that the Commonwealth must obtain the Record from the Essex County Distrct Attorney's Office and a Stay would only operate to retain jurisdiction over this Habeas Corpus. This Request is asking for that Stay period will iclude 355 days to accomplish the required Exhaustion.

Wherefore: Petitioer prays that this Honorable Court grants Petitioner's Motion To Stay Proceedinds until September 26, 2006.

Date: 11-28-05

Respectfully Submitted,

/s/ Shannon Ewing

Mr. Shannon Ewing, Pro-se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.

# Supreme Judicial Court for the Commonwealth of Massachusetts
## John Adams Courthouse
One Pemberton Square, Suite 1400, Boston, Massachusetts 02108-1724
Telephone 617-557-1020, Fax 617-557-1145

Shannon Ewing
Bridgwater State Hospital
20 Administration Road
Bridgewater, MA 02234

RE: **No. FAR-15064**

**COMMONWEALTH**
  **vs.**
**SHANNON EWING**

Essex Superior Court No. ESCR1988-14183
Appeals Court No. 2002-P-1555

**NOTICE OF ENTRY OF APPLICATION FOR FURTHER APPELLATE REVIEW**

On October 18, 2005, the following application for further appellate review was filed in the above-referenced case: FAR APPLICATION of Shannon Ewing, filed by Shannon Ewing, Pro Se.

Please note that any opposition to this application must be received for filing in this office on or before October 28, 2005, and must refer to the above-noted FAR docket number.

Thank you.

Susan Mellen, Clerk

Dated: October 20, 2005

To: Elin H. Graydon, A.D.A.
    Shannon Ewing

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
05-11850-RGS

SHANNON EWING,
    Petitioner,

vs.

KENNETH W. NELSON,
    Resondent.

### CERTIFICATE OF SERVICE

Now comes the Petitioner, Shannon Ewing, In the above-entitled matter, Pursuant to Fed.R.Crim.P. 5, Respectfully serves notice upon this Honorable Court that I served a True and Complete copy of my Motion to Stay Proceedings on the Attorney General, Tom Reilly, by Pre-Paid Mail to: One Ashburton Sqaure, Boston, Massachusetts 02115-02108.

Sworn this 28th day of November 2005.

Respectfully Submitted,

Shannon Ewing, Pro-se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.