UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON EWING, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 05-11850-RGS |
| KENNETH W. NELSON, | ) ) ) |
| Respondent. | ) ) |

**RESPONDENT KENNETH W. NELSON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Respondent Kenneth W. Nelson respectfully submits this memorandum of law in support of his motion to dismiss Petitioner Shannon Ewing's petition for a writ of habeas corpus.

Ewing was convicted of second-degree murder in 1989. His convictions became final for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on July 28, 1991. Because Ewing's conviction became final prior to the date AEDPA became effective, the one-year period of limitation applicable to habeas petitions enacted as part of AEDPA would normally give him until April 24, 1997 to file his petition. But AEDPA also tolls the limitations period while an application for State post-conviction relief is pending. As explained in greater detail below, Ewing's motion for new trial in the Massachusetts courts tolled the limitations period applicable to his federal habeas petition until June 10, 1998. Ewing's petition, however, was not filed until, at the earliest, September 5, 2005, and is thus time-barred. Accordingly, his petition must be dismissed, with prejudice, in its entirety.[1]

---

[1] Since Ewing's petition must be dismissed for the reasons stated herein, in the interest of economy, Respondent will not address any additional affirmative defenses or the merits of

**BACKGROUND**[2]

Ewing is currently in custody at Bridgewater State Hospital in Bridgewater, Massachusetts.  On September 28, 1988, Ewing was indicted on a charge of second-degree murder (Mass. Gen. Laws c. 265, § 1).  *See* Essex County Superior Court Docket No. 14183 (attached as Exhibit A to the Katz Declaration).  A jury convicted Ewing of the charge on April 14, 1989, and Ewing was given a life sentence.  Katz Decl., Exh. A.

Ewing appealed, but the Massachusetts Appeals Court affirmed his conviction in a published decision issued March 22, 1991.  *Commonwealth v. Ewing*, 30 Mass. App. Ct. 285, 567 N.E.2d 1262 (1991) (attached as Exhibit B to the Katz Declaration).  Ewing filed an application for leave to obtain further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"), but the SJC denied his ALOFAR on April 29, 1991.  *Commonwealth v. Ewing*, 409 Mass. 1105, 571 N.E.2d 28 (1991) (table) (attached as Exhibit C to the Katz Declaration).

More than five years later, on November 21, 1996, Ewing filed a motion for new trial.  Katz Decl., Exh. A.  The Essex County Superior Court denied the motion on January 31, 1996.  *Id.*  Ewing filed a notice of appeal, but ultimately did not pursue an appeal, and as a result, his appeal was dismissed under Massachusetts Appeals Court Standing Order 17A on January 6,

---

Ewing's petition.  Should the Court deny Respondent's motion and permit Ewing to proceed, Respondent respectfully requests the opportunity to file a proposed scheduling order for the parties to submit further briefing.

[2]   The following facts are drawn from the docket entries and judicial opinions in Petitioner's state-court proceedings attached as exhibits to the Declaration of Scott A. Katz (the "Katz Declaration" or "Katz Decl."), filed manually pursuant to Local Rule 5.4(G)(1)(e).

1998.  Massachusetts Appeals Court Docket No. 1997-P-0866 (attached as Exhibit D to the Katz Declaration).[3]

Almost five years later, on October 25, 2002, Ewing filed a second motion for new trial. Katz Decl., Exh. A.  It was denied on November 5, 2002.  *Id.*  Ewing appealed the denial of his motion, and the Massachusetts Appeals Court affirmed in an unpublished decision issued April 19, 2005.  *Commonwealth v. Ewing*, 63 Mass. App. Ct. 1111, 825 N.E.2d 583, 2005 WL 900961 (Apr. 19, 2005) (unpublished Memorandum and Order Pursuant to Rule 1:28) (attached as Exhibit E to the Katz Declaration).  Ewing sought further review from the SJC, but his ALOFAR was denied on November 30, 2005.  Massachusetts Appeals Court Docket No. 2002-P-1555 (attached as Exhibit F to the Katz Declaration).  Ewing filed his habeas petition in September 2005—after the Appeals Court decided the appeal of his second motion for new trial, but before Ewing filed his ALOFAR with the SJC.

## ARGUMENT

### I.     EWING'S PETITION IS TIME-BARRED.

AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period on habeas corpus petitions filed by state prisoners in federal court.  28 U.S.C. § 2244(d)(1). While this limitations period normally begins to run from the date a conviction becomes final, the First Circuit gave individuals like Ewing, whose convictions became final before AEDPA's effective date,[4] a one-year grace period—until April 24, 1997—within which to file a petition.

---

[3]     According to the Superior Court docket, Ewing's appeal of his motion for new trial was dismissed on November 3, 1997.  Katz Decl., Exh. A.  But inspection of the Appeals Court docket seems to indicate that, subsequent to that original dismissal, the Appeals Court allowed Ewing to further pursue his appeal, before ultimately dismissing it for good on January 6, 1998. Katz Decl., Exh. D.

[4]     Ewing's conviction became final on July 28, 1991—90 days after the ALOFAR relating to his direct appeal was denied by the SJC.  *See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st

*Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999) (recognizing the one-year grace period). The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This tolling provision applies with equal force to the judicially-crafted grace period. *Gaskins*, 183 F.3d at 10.

The limitations period began to run on Ewing's petition on April 25, 1996—one day after AEDPA became effective. It ran without interruption until November 21, 1996, when Ewing filed his first motion for new trial. Katz Decl., Exh. A. Between April 25, 1996 and November 21, 1996, 210 days passed, leaving Ewing with 155 days to file his petition once the limitations clock began to run again. Ewing's appeal relating to his first motion for new trial was dismissed on January 6, 1998, thereby resuming the running of the limitations period. Katz Decl., Exh. D. As there were then 155 days remaining in the limitations period, Ewing had until June 10, 1998 to file his petition.

Ewing's signed petition is hand-dated September 5, 2005. According to the docket in this matter, Ewing's petition was filed on September 13, 2005. Even assuming (without conceding) that Ewing's petition could be deemed filed on the handwritten date appearing on the petition— September 5, 2005[5]—it is time-barred, as the limitations period expired on June 10, 1998, as

---

Cir. 2004) (noting that "conviction became final when the ninety-day period for seeking certiorari expired").

[5]    Under the so-called "prisoner mailbox rule," if a *pro se* prisoner litigant uses the prison system for forwarding legal mail to the district court, and demonstrates through documentation the date upon which the petition was deposited in the prison's internal mail system, then that date is taken as the date of filing. *Morales-Rivera v. United States*, 184 F.3d 109, 111 (1st Cir. 1999). In this case, Ewing's petition does not indicate whether he used the prison system for forwarding and recording legal mail, and if so, when his petition was given to prison authorities for mailing. As noted, the petition is hand-dated September 5, 2005. Accordingly, the earliest date that the petition could have been given to prison authorities for mailing, and thus deemed filed, was September 5, 2005.

described above. Because Ewing did not file his petition until more than seven years after the limitations period had expired, his petition is time-barred, and therefore, must be dismissed with prejudice in its entirety.[6]

## CONCLUSION

For the foregoing reasons, the Court should allow Respondent's motion and dismiss Ewing's petition, with prejudice, in its entirety.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833

Dated:  January 4, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner Shannon Ewing, Bridgewater State Hospital, 25 Administration Road, Bridgewater, MA 02324 by first-class mail, postage prepaid, on January 4, 2006.

/s/ Scott A. Katz
Scott A. Katz

---

[6] Ewing's second motion for new trial, filed on October 25, 2002, has no effect on the timeliness of his petition because it was not filed until after the limitations period had already expired. *See, e.g.*, *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Because [petitioner's] motion for a new trial was filed well after her AEDPA's limitations period had expired, it did not stop or reset the clock and does not help [petitioner.]").