UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON EWING, | ) |
|     Petitioner, | ) |
| v. | ) Civil Action No. 05-11850-RGS |
| KENNETH W. NELSON, | ) |
|     Respondent. | ) |

**RESPONDENT KENNETH W. NELSON'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS**

Respondent Kenneth W. Nelson hereby respectfully moves that the Court reconsider its Order dated December 8, 2005, granting Petitioner Shannon Ewing's Motion to Stay Proceedings. In support of this Motion, Respondent states as follows:

1.  Ewing filed his petition for a writ of habeas corpus on or about September 5, 2005.[1] On November 16, 2005, the Court (Stearns, J.) entered an electronic order referring the case to Magistrate Judge Marianne B. Bowler.[2] Approximately one week later, Magistrate Judge Bowler entered a Memorandum and Order, which among other things, directed service of Ewing's petition on the Massachusetts Attorney General, and set December 19, 2005 as the deadline "for filing a dispositive motion or memorandum in opposition to the petition."[3]

---

[1] Docket entry # 1.
[2] Docket entry # 2.
[3] Docket entry # 4.

2. On December 7, 2005, Ewing filed a Motion to Stay Proceedings.[4] In his motion, Ewing argued that a stay was appropriate because his habeas petition included unexhausted claims then pending in Massachusetts state court.

3. On December 8, 2005, Magistrate Judge Bowler entered a Procedural Order re: Motion to Stay, giving Respondent until December 19, 2005 to file an opposition to Ewing's motion.[5]

4. On the same date—December 8, 2005, notwithstanding Magistrate Judge Bowler's procedural order, Judge Stearns entered an electronic order granting Ewing's motion to stay without allowing Respondent an opportunity to oppose Ewing's motion. On December 12, 2005, Magistrate Judge Bowler entered a Procedural Order directing Ewing to file a status report regarding state-court review of his unexhausted claims on September 27, 2006.[6]

5. On December 16, 2005—not realizing that the Court had already granted Ewing's motion to stay—Respondent filed a motion to extend until January 20, 2006 the time within which he may respond to both Ewing's petition and his motion to stay.[7] Magistrate Bowler granted Respondent's motion for an extension in an electronic order entered December 20, 2005.

6. Respondent now respectfully requests that the Court reconsider its December 8, 2005 order granting Ewing's motion to stay, and instead, deny Ewing's motion. Ewing's motion should be denied for at least three separate and independently sufficient reasons:

    a. <u>First</u>, as described more fully in Respondent's motion to dismiss and supporting memorandum, filed herewith, Ewing's petition is time-barred under 28 U.S.C. § 2244(d)(1). Under the Antiterrorism and Effective Death Penalty Act of 1996, Ewing had until June 10, 1998 to file a petition for a writ of habeas corpus. His petition was filed, at the earliest, effective

---

[4] Docket entry # 5.
[5] Docket entry # 6.
[6] Docket entry # 7.
[7] Docket entry # 8.

       September 5, 2005—more than seven years after the limitations period had expired. As a result, his petition is time-barred, and therefore must be dismissed, with prejudice, in its entirety—rendering a stay futile.

b.     <u>Second</u>, even if Ewing's petition was not time-barred, a stay would still be inappropriate. To be sure, in some circumstances, it may be appropriate for a district court to stay a mixed petition of both exhausted and unexhausted claims (as Ewing alleges his to be) in order to allow a petitioner to return to state court to exhaust his unexhausted claims. *See Rhines v. Weber*, 125 S. Ct. 1528 (2005) (outlining circumstances where it is appropriate for district court to stay a mixed petition). But, as the Supreme Court explained in *Rhines*, a stay is appropriate only in "limited circumstances." 125 S. Ct. at 1535. Among other requirements, a stay is appropriate only where "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*; *Dykens v. Allen*, 379 F. Supp. 2d. 71, 74 (D. Mass. 2005) (opting to dismiss rather than stay case where habeas petitioner could not show good cause for failure to exhaust). Here, Ewing provides <u>no</u> explanation in his petition or his motion to stay to justify his failure to raise his unexhausted claims either on direct appeal or in his first motion for new trial, much less any explanation that would constitute "good cause." Like the petitioner in *Dykens*, there is "nothing in the record [to] suggest[] that [he] had good cause for failing to exhaust his claims below." *Dykens*, 379 F. Supp. 2d at 74. Accordingly, a stay would be inappropriate.

c.     <u>Third</u>, the application for leave to obtain further appellate review ("ALOFAR") which Ewing filed with the Massachusetts Supreme Judicial Court—and which served as the basis for his motion to stay—was denied on November 30, 2005. *See* Massachusetts Appeals Court Docket No. 1997-P-0866 (attached as Exhibit F to the Declaration of Scott A. Katz, filed manually pursuant to Local Rule 5.4(G)(1)(e)). Hence, had there ever been a basis to grant Ewing a stay, it would no longer exist.

WHEREFORE, Respondent Kenneth W. Nelson respectfully requests that the Court reconsider its December 8, 2005 granting Ewing's Motion to Stay Proceedings, and instead, deny the motion for the reasons stated herein.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833

Dated:  January 4, 2006


## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that Petitioner is currently incarcerated at a Massachusetts Correctional Institution and is not represented by counsel, rendering pre-filing conference impracticable.

/s/ Scott A. Katz
Scott A. Katz


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner Shannon Ewing, Bridgewater State Hospital, 25 Administration Road, Bridgewater, MA 02324 by first-class mail, postage prepaid, on January 4, 2006.

/s/ Scott A. Katz
Scott A. Katz