## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **SHANNON EWING,** | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | **Civil Action No. 05-11850-RGS** |
| **KENNETH W. NELSON,** | ) ) | |
| Respondent. | ) ) ) | |

## DECLARATION OF SCOTT A. KATZ[1]

I, Scott A. Katz, do depose and say under the penalties of perjury:

1.    I am an attorney admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am an Assistant Attorney General with the Massachusetts Attorney General's Office, counsel for Respondent Kenneth W. Nelson in this matter. I make this Declaration, which is based on my personal knowledge and belief, in support of Respondent Kenneth W. Nelson's Motion to Dismiss Petition for Writ of Habeas Corpus, filed electronically.

2.    Attached hereto as Exhibit A is a true and correct copy of the docket sheets for *Commonwealth v. Shannon Ewing*, Essex County Superior Court Docket No. 14183.

3.    Attached hereto as Exhibit B is a true and correct copy of *Commonwealth v. Ewing*, 30 Mass. App. Ct. 285, 567 N.E.2d 1262 (1991).

4.    Attached hereto as Exhibit C is a true and correct copy of *Commonwealth v. Ewing*, 409 Mass. 1105, 571 N.E.2d 28 (1991) (table).

---

[1]    This document is being filed manually pursuant to Local Rule 5.4(G)(1)(e).

5.     Attached hereto as Exhibit D is a true and correct copy of the docket sheets for

*Commonwealth v. Shannon Ewing*, Massachusetts Appeals Court Docket No. 1997-P-0866.

6.     Attached hereto as Exhibit E is a true and correct copy of *Commonwealth v.*

*Ewing*, 63 Mass. App. Ct. 1111, 825 N.E.2d 583, 2005 WL 900961 (Apr. 19, 2005) (unpublished

Memorandum and Order Pursuant to Rule 1:28).

7.     Attached hereto as Exhibit F is a true and correct copy of the docket sheets for

*Commonwealth v. Shannon Ewing*, Massachusetts Appeals Court Docket No. 2002-P-1555.

Signed under the pains and penalties of perjury this 4th day of January, 2006.

Scott A. Katz (BBO # 655861)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner
Shannon Ewing, Bridgewater State Hospital, 25 Administration Road, Bridgewater, MA 02324
by first-class mail, postage prepaid, on January 4, 2006.

Scott A. Katz

Commonwealth of Massachusetts
**ESSEX SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

12/13/2005
10:39 AM



# ESCR1988-14183
## Commonwealth v Ewing, Shannon

| | | | |
|---|---|---|---|
| **File Date** | 09/28/1988 | **Status** | Disposed (appeal denied) (dapden) |
| **Status Date** | 05/19/2005 | **Session** | 1 - CtRm 1 (Salem) |
| **Jury Trial** | Unknown | **Origin** | I - Indictment |
| **Lead Case** | | | |

## OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 08/13/1988 | 265:001.3 | Guilty verdict | 04/14/1989 |
| | Murder, 2d degree | | | |

## PARTIES

**Plaintiff**
Commonwealth
Gender: Unknown
Active 09/28/1988

**District Atty's Office 349880**
Kevin M Mitchell
111 Everett Ave
Suite 2A
Chelsea, MA 02150
Phone: 617-884-6480
Fax: 617-884-6524
Active 09/28/1988 Notify

**Defendant**
Shannon Ewing
M.C.I. Cedar Junction at Walpole
P.O. Box 100
South Walpole, MA 02071
Gender: Unknown
Active 09/28/1988 Notify

**Private Counsel 558083**
Jean M Fielding
PO Box 519
Greenfield, MA 01302
Phone: 413-773-5494
Fax: 413-773-5494
Active 09/28/1988 Notify

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/28/1988 | 1.0 | Indictment returned |
| 04/14/1989 | | RE Offense 1:Guilty verdict |
| 06/06/2001 | 62.0 | Notice of assignment of counsel C2625101-3, for Att. Jean Fielding. |
| 06/22/2001 | 61.0 | Motion for jail credit filed. |
| 09/05/2001 | 62.0 | Amended Mittimus issued by fax to reflect 240 Credit days credit from date of arrest to date of conviction, to Cedar Junction MCI (Walpole) |
| 12/13/2001 | 63.0 | Notice of assignment of counsel for attorney Jeffery Baler, #C2625761-5 filed. |
| 10/25/2002 | 64.0 | Deft files Motion for a new trial, affidavit in support. |
| 10/25/2002 | 65.0 | Deft files motion for appointment of counsel. |
| 11/05/2002 | | Motion by Deft: (#65, for appointment of counsel); Defendant's motion should be referred to the committee for public counsel services. (Bohn, J.) |
| 11/05/2002 | | Motion (P#64, Motion for a new trial.) denied, see endorsement. (Bohn, J.). Copies mailed 11/6/02 |

**ESSEX SUPERIOR COURT**
**Case Summary**
**Criminal Docket**

### ESCR1988-14183
### Commonwealth v Ewing, Shannon

| Date | Paper | Text |
|------|-------|------|
| 11/18/2002 | 66.0 | NOTICE of APPEAL FILED by Shannon Ewing |
| 11/20/2002 | 67.0 | Notice of assembly of record; mailed to Appeals Court per Rule 9(d) |
| 11/25/2002 | 68.0 | Notice of Entry of appeal received from the Appeals Court |
| 03/24/2003 | 69.0 | In accordance with standing order #17A of this court, as entered |
| | | March 22, 1982 (copy enclosed), you are hereby given notice that the |
| | | subject appeal/report shall be dismised for lack of prosecution |
| | | consistent with said order for the following reason: Brief/appendix |
| | | not recieved or ststus report not filed. |
| 05/04/2004 | 70.0 | Notice of docket entry from Appeals court RE:#9 Allowed, the appeal |
| | | of the defendant is reinstated this date appellate proceedings are |
| | | stayed to 6/3/04. A status report is due that date from the defendant. |
| 05/19/2005 | 71.0 | Rescript received from Appeals Court; judgment AFFIRMED Order denying |
| | | motion for new trial. (Cypher, Kantrowitz, and Graham, JJ.) |

**EVENTS**

No. CR- 14183

COMMONWEALTH OF MASSACHUSETTS
ESSEX. SS.
SUPERIOR COURT
CRIMINAL DOCKET

COMMONWEALTH VS.   SHANNON EWING

Offense: Murder   Chap 265, Sec 1   Place: Methuen

Surety and Amount:

PROSECUTOR: Kevin M. Mitchell, A.D.A., 70 Washington Street, Salem, 01970

Counsel: Willie J. Davis, Esq., 45 Bromfield, Boston, 02108

Justice Disposing of Case: Ronan, J.

| Date | No. | |
|---|---|---|
| 1988 Sept. 28 | 1 | Indictment Nxxx returned. |
| Sept. 26 | | Copy of indictment and Order of the Court under General Laws, Chapter 277 section 65, furnished Sheriff for service on defendant. |
| | 2 | Notice of return of indictment and copy of indictment sent to Administrative Justice under General Laws, Chapter 212, section 7. |
| | 3 | Notice of return of indictment and copy of indictment sent to Attorney General under General Laws, Chapter 212, section 7. |
| Sept 29 | | Return of Service of Indictment and Order. |
| Sept. 30 | 4 | Kevin M. Mitchell, Assistant District Attorney, appears for the Commonwealth. |
| | 4A | Willie J. Davis Esq., appears for the defendant. |
| | 5 | Defendant pleads not guilty. Defendant ordered to recognize Two Hundred and Fifty Thousand dollars with surety or $25,000.00 Cash. |
| | 6 | Motion for Discovery filed in Court. |
| | 7 | Motion for Appointment of Investigator filed and after hearing allowed. Continued to October 14, 1988. |
| Oct 4 | 8 | Irwin,Jr.J. presiding: A.Green, stenographer Pretrial Conference Report filed in court. Irwin,J. Continued to November 22, 1988 Discovery Motions. Irwin, J.,presiding   S.Garvin, Court Reporter |
| Nov. 21 | | Continued to January 10, 1989 for filing motions. Irwin,J. presiding: K.Gordon, stenographer |

(OVER)

| 1989 | | |
|---|---|---|
| Jan. 10 | 9 | Commonwealth's Motion to Compel Defendant to Submit to Giving a Pubic Hair Sample Filed, and after hearing, ALLOWED. Copies to K. Mitchell, A.D.A. and Willie Davis, Esq. |
| | 10 | Affidavit in Support of Commonwealth's Motion to Compel Submission of Pubic Hair Sample Filed in Court. |
| | 11 | Motion to Suppress Statements filed in Court. Continued to March 13, 1989 Motions and Trial. Ronan, J., Presiding    Karas, Stenographer |
| March 7 | 12 | ORDER OF THE COURT: For the Production of a Pubic Hair Sample.    (RONAN, J.) Copies to K. Mitchell, A.D.A. and W. Davis JR., Esq. |
| 14. | 13 | Memorandum in Opposition to Motion to Suppress Statements FILED. Motion #11, DENIED. Copies to K.M., A.D.A. and W.D., ESQ. |
| | 14 | Upon Joint Motion of Parties, Exhibits on Motion to Suppress are Impounded. Continued to April 5, 1989 for Trial. Ronan, J., Presiding    K. Gordon, Steno |
| 17 | 15 | Findings of Fact, Rulings, Conclusions (Ronan, J.) Copies to K.M.A.D.A. and W.D., Esq. |
| Apr 5 | 16 | Defendant's Motion to Exclude Evidence filed. |
| | 17 | List of Potential Witnesses filed in Court. |
| | 18 | Defendant's Statement of the Case filed in Court. |
| | 19 | Defendant's Motion for Individual Voir Dire of Prospective Jurors filed and after hearing, allowed. |
| | 20 | Defendant's Motion for the Sequestration of Witnesses filed and after hearing, allowed. |
| | 21 | Defendant's Motion for Permission to Examine Jurors filed and after hearing, denied. |
| | 22 | Defendant's Request for Voir Dire of Prospective Jurors filed. |
| | 23 | Defendant's Request for Pre-Trial Instructions to the Jury filed Jury Impanelment begins. Ronan, J. presiding:   K. Gordon, Court Reporter |
| 10 | 24 | Defendant's Request for Cautionary Instructions filed in Court. |
| | 25 | Memo of Trial filed. Ronan, J. presiding:   K. Gordon, Court Reporter |
| 12 | | Motion #16 allowed. |
| | 26 | Defendant's Motion for Required Finding of Not Guilty filed in Court at the close of the Commonwealth's case. Denied after hearing. Ronan, J. presiding:   K. Gordon, Court Reporter |
| 13 | 27 | Defendant's Renewed Motion for Required Finding of Not Guilty filed at the close of all the evidence and denied. |
| | 28 | Defendant's Request for Instructions to the Jury filed. |
| | 29 | Commonwealth's Requests for Jury Instructions filed. Ronan, J. presiding; K.Gordon, Court Reporter |

(continued on page two)

COMMONWEALTH VS.   SHANNON EWING

Page two

No. CR-14183

COMMONWEALTH
OF
MASSACHUSETTS
ESSEX.SS.
SUPERIOR COURT
CRIMINAL
DOCKET

| 1989 | | | |
|---|---|---|---|
| Apr 14 | 30 | | Defendant's Request for Instructions to the Jury filed. |
| | 31 | | VERDICT: Guilty of Murder in the Second Degree. |
| | 32 | | SENTENCE: Life, Massachusetts Correctional Institution, Cedar Junction; credit of zero days.   Ronan, J., Presiding    K. Gordon, Court Reporter. |
| 24 | 33 | | Notice of Appeal filed.  Copy to Ronan, J. and District Attorney.  Request for Transcript form mailed to W.J.Davis, Esq. |
| | 34 | | Defendant's Motion for Leave to Proceed in Forma Pauperis filed.  Copy to Ronan, J. and District Attorney. |
| | 35 | | Defendant's Motion for Leave to Incur Expense filed.  Copy to Ronan,J. and District Attorney. |
| | 36 | | Defendant's Motion for Free Transcript of Trial filed.  Copy to Ronan, J. and District Attorney. |
| | 37 | | Defendant's Motion for Appointment of Counsel filed.  Copy to Ronan, J. and District Attorney. |
| | 38 | | Defendant's Motion for Required Finding of Not Guilty after Discharge of Jury filed. Copy to Ronan, J. and District Attorney. |
| May 1 | 39 | | Request for Transcript filed. Copy to D.Polatin, Assistant District Attorney. |
| 17 | 40 | | Notice to Kathleen Gordon, Court Reporter, to prepare transcript. Copy of #39. |
| | 41 | | Certificate of First Assistant Clerk re: Order of Transcript. |
| Nov 6 | 42 | | Second notice to Court Reporter to Prepare Transcript. |
| 1990 Nov 5 | 43 | | Transcript filed (6 volumes-March 14, April 10,11,12,13,and 14 of 1989)- Kathleen Gordon, Court Reporter. |
| 23 | | | notice to Willie J. Davis, Esq. - transcripts ready. |
| 27 | | | Certificate re: Receipt of transcript (6 volumes)-Willie J. Davis, Esq. |
| May 1 | 46 | | Certificate re: Receipt of transcript (6 volumes)-District Attorney. |
| Jun 14 | 47 | | Notice of Assembly of Record on Appeal and transcript delivered to Appeals Court. |
| 1991 May 7 | 48 | | Rescript Given March 22, 1991-Judgment Affirmed. Copy to T.Murphy on 10/25/91 |
| 1995 | | | |
| Jun 19 | 49 | | Motion for Production of the confidential Jury Questions Denied.  Grabau,J.  Copy to Pro Se on 7/6/95. |
| 1996 | | | |
| Nov. 21 | 50 | | Defendant's Motion for a New Trial or in the Alternative Motion to Reduce the Verdict filed. |
| | 51 | | Motion for the Appointment of Counsel and Affidavit in Support of Filed. |
| | 52 | | Defendant's Memorandum of Law in Support of Motion for New Trial or in the Alternative Motion to Reduce the Verdict, Affidavit in Support of filed |
| | 53 | | Exhibits of Evidence in Support of Motion for a New Trial filed. |
| | 54 | | Certificate of Service file. |

**OVER**

| 1997 | | |
|---|---|---|
| Jan 31 | 55 | Motion #50-Denied. See this Court's Memorandum of Decision, dated January 31, 1997. |
| | | Memorandum of Decision-Denied on the grounds that no issue has been raised that defendant's sentence was not consonant with justice. (Bohn,Jr.J.) Copy to Pro-Se and K.Mitchell, ADA. |
| Feb.18 | 56 | Notice of Appeal filed. |
| | 57 | Motion for Leave to Proceed in Forma Pauperis filed. |
| May 7 | 58 | Notice of Assembly of record to the Appeals Court, re: Denial of Motion for a new trial |
| Oct 24 | 59 | Letter from CPCS, Boston, re: No appointment of Counsel |
| Nov 3 | 60 | order from appeals court-Dismissal under standing or 17A filed. |

**\*1262** 567 N.E.2d 1262

30 Mass.App.Ct. 285

Appeals Court of Massachusetts,
Essex.

**COMMONWEALTH**
v.
**Shannon EWING.**

**No. 90-P-690.**
Argued Dec. 11, 1990.

Decided March 22, 1991.

Further Appellate Review
Denied April 29, 1991.

Defendant was convicted of second-degree murder. Judgment was entered in the Superior Court, Essex County, John T. Ronan, J. Defendant appealed. The Appeals Court, Gillerman, J., held that: (1) defendant's refusal to answer one out of several police questions, regarding homosexual conduct with victim, did not constitute revocation of previous waiver of right to remain silent; (2) evidence supported conclusion that defendant had acted with malice; and (3) instruction on reasonable doubt was adequate.

Affirmed.

West Headnotes

[1]    Criminal Law ⚖413.1(4)

110 ----
    110XVII Evidence
    110XVII(M) Declarations
    110k411 Declarations by Accused
    110k412.1 Voluntary Character of Statement
    110k412.1(4) Interrogation and Investigatory Questioning.

[See headnote text below]

[1]    Criminal Law ⚖412.2(5)

110 ----
    110XVII Evidence
    110XVII(M) Declarations
    110k411 Declarations by Accused
    110k412.2 Right to Counsel; Caution
    110k412.2(5) Failure to Request Counsel; Waiver.

Refusal of suspect in murder case to answer police question whether there had been sexual activity between himself and victim, did not constitute refusal to answer reinvoking his right to remain silent after he had previously waived it; defendant answered questions on other topics after his refusal to answer sexual activity question.

[2]    Homicide ⚖1146

203 ----
    203IX Evidence
    203IX(G) Weight and Sufficiency
    203k1146 Second Degree Murder.

(Formerly 203k254)

Evidence supported conclusion that defendant had acted with malice, as necessary to sustain verdict of guilty of murder in second degree; record indicated that defendant had inflicted several stab and puncture wounds on victim, apparently using carving knife and fork, after victim had proposed a homosexual encounter without victim himself applying force to defendant.

[3]    Criminal Law ⚖789(8)

110 ----
    110XX Trial
    110XX(G) Instructions: Necessity, Requisites, and Sufficiency
    110k789 Reasonable Doubt
    110k789(8) Moral Certainty.

Trial court did not err, in murder case, by giving reasonable doubt instruction that jury could "convict upon a moral certainty without more."

[4]    Homicide ⚖1506

203 ----
    203XII Instructions
    203XII(F) Capacity to Commit Crime
    203k1505 Intoxication
    203k1506 In General.

(Formerly 203k294.2, 203k294(2))

Defendant in murder case was not entitled to an instruction that jury could take into account evidence of intoxication in determining whether defendant acted with requisite malice and intent; defendant testified he had been drinking beer with victim, but record was

© 2005 Thomson/West. No claim to original U.S. Govt. works.

barren of any evidence defendant was intoxicated or that beer had any effect on his state of mind.

[5]   Homicide ⟨⟩1385

   203 ----
      203XII Instructions
      203XII(B) Sufficiency
      203k1385 Passion or Provocation.

   (Formerly 203k295(1))

Trial court in murder case gave adequate instructions as to elements of "heat of passion" and "provocation," even though court did not give illustrations of acts that might constitute provocation or adopt defendant's requested charges.

**\*1263** Willie J. Davis, Boston, for defendant.

[30 Mass.App.Ct. 286] Robert J. Bender, Asst. Dist. Atty., for Com.

Before [30 Mass.App.Ct. 285] PERRETTA, KAPLAN and GILLERMAN, JJ.

[30 Mass.App.Ct. 286] GILLERMAN, Justice.

On Saturday, August 13, 1988, Americo Scarelli (the victim) was found dead in his office at the Department of Public Works, 1023 Riverside Drive in Methuen. One month later, an Essex County grand jury returned an indictment charging the defendant with murder. A motion to suppress the defendant's inculpatory statements to the police was denied after an evidentiary hearing, and on April 14, 1989, after a five-day trial, a jury returned a verdict of guilty of murder in the second degree. The defendant appealed, claiming errors in the suppression ruling and in the conduct of the trial. We affirm the judgment.

[1] 1. *Motion to suppress.*   The defendant was arrested on August 18, 1988, in New Jersey as a result of an automobile accident in which he was involved. While the defendant was being held by the Newark police, Detective Conte read aloud the full Miranda warnings from the police department Miranda warning form, and then the defendant read aloud the portion which stated, "Anything you say can be used against you in a court of law." The waiver paragraph at the bottom of the form was next read to the defendant, and he was asked to read the waiver to himself. The defendant signed the waiver, agreed to answer questions, and proceeded to give a detailed statement of the circumstances of the victim's death.

The defendant admitted to a homosexual encounter with the victim, in the course of which the defendant stabbed the victim with the defendant's knife and stuck him with a sharp object he found on a nearby sink. On appeal (but not at the suppression hearing) the defendant argues that the statement should be suppressed because at one point in the interrogation the following exchange occurred:

   "Q. Shannon, you stated earlier that this man had grabbed your leg, is that all that happened?

   "A. No.

   "Q. Did any sexual act occur between you and him in that [building]?

   [30 Mass.App.Ct. 287] "A. Yes, but I don't want to discuss it."

The questioning then was directed to another subject, and it continued to completion without objection or interruption. At the conclusion of the statement the defendant was asked, "Why have you given this statement?" The defendant answered, "Because I couldn't live without paying for what I did and eventually I would have got caught."

The defendant argues that because of his refusal to answer the single question just quoted, the interrogation should have ceased. There is no merit to the argument; the defendant's rights were not violated. He had decided, for whatever reason, not to answer a particular question, but he did not indicate in any manner that he was invoking the right he had previously waived--his right to remain silent. The outcome, adverse to the defendant, is controlled by *Commonwealth v. Roberts,* 407 Mass. 731, 734, 555 N.E.2d 588 (1990), where the court said, "For the rule of *Miranda* regarding the termination of questioning to apply, there must be either an *expressed* unwillingness to continue or an affirmative request for an attorney," quoting (with emphasis added) from *Commonwealth v. Pennellatore,* 392 Mass. 382, 387, 467 N.E.2d 820 (1984). Neither one occurred here. Contrast *Commonwealth v. Taylor,* 374 Mass. 426, 428-430, 374 N.E.2d 81 (1978).

[2] 2. *Motion for a required finding of not guilty of murder.*   At the close of the Commonwealth's case, which included the statement the defendant gave to the New Jersey police, the defendant moved for a required finding of not guilty of so much of the indictment as charged murder. The defendant's argument is that the

© 2005 Thomson/West. No claim to original U.S. Govt. works.

motion **\*1264** should have been allowed because the evidence showed that "the killing, while intentional, was without malice...." The issue, then, is whether at the close of the Commonwealth's case there was sufficient evidence, viewed in the light most favorable to the Commonwealth, for the jury to conclude, beyond any reasonable doubt, that the defendant acted with malice. See *Commonwealth v. Latimore,* 378 Mass. 671, 676-678, 393 N.E.2d 370 (1979).

The thrust of the motion is that the defendant's statement to the police in New Jersey establishes no more than that the [30 Mass.App.Ct. 288] defendant acted in self-defense. However, the jury were "entitled to disbelieve the evidence that the defendant acted in self-defense." *Commonwealth v. Lamrini,* 392 Mass. 427, 431, 467 N.E.2d 95 (1984), quoting from *Commonwealth v. Fluker,* 377 Mass. 123, 128, 385 N.E.2d 256 (1979). Disbelieving that portion of the statement, the jury could easily conclude on the basis of the remainder of the statement and other evidence that the defendant, beyond a reasonable doubt, acted with malice.

Joanne Richmond, a physician, forensic pathologist, and medical examiner for the Commonwealth of Massachusetts, had performed an autopsy on the body of the victim; she testified at the trial that the cause of death was a massive hemorrhage due to stab wounds and puncture wounds, primarily a stab wound in the neck. Dr. Richmond described bruises on the victim's left cheek, around the left eye, and on the left side of the neck. On the right cheek there were two puncture wounds, one of which went to a depth of two inches. On the right side of the neck there was a stab wound that penetrated one and a half to two and a half inches. On the right upper chest there were two sets, or pairs, of puncture wounds. On the left chest there was a stab wound that had passed through the sternum bone "with a great deal of force" and "raised the sac around the heart" without entering the heart. This wound was two to three inches deep. The puncture wounds were caused by a two-pronged instrument; a carving fork was found near the victim. The stab wound was caused by a knife. The victim probably survived for twenty or thirty minutes after receiving the stab and puncture wounds; "there was almost no blood left in the body," Dr. Richmond testified. The victim, according to Dr. Richmond, was sixty-five years old, height 5'7"', weight 170 pounds.

The circumstances described in the defendant's own statement to the police certainly did not require any measure of self-defense. See *Commonwealth v. Kendrick,* 351 Mass. 203, 211-212, 218 N.E.2d 408 (1966). The defendant, who had never previously met the victim, was picked up by him on a public street and voluntarily went with him to the victim's office, where the victim indicated he was interested in a homosexual encounter. [30 Mass.App.Ct. 289] When rebuffed, the victim swore at the defendant. At that point the defendant simply could have walked away; there is nothing in his statement that suggests there was any obstacle to his doing so. When the victim, in spite of the rebuff, took off his pants and shirt, the defendant admitted that he responded by taking out his knife and thrusting it forward and deeply into the victim's neck. This was followed by blows about the head, a stab wound that almost entered the heart, and several puncture wounds caused by a carving fork. Then, having taken the keys to the victim's car from his pants pocket, the defendant fled the Commonwealth in the victim's car.

Moreover, "[t]here is no constitutional principle which bars the conviction of a defendant when there is evidence warranting an inference of malice and also evidence warranting, but not requiring, a finding that the defendant acted in self-defense." *Commonwealth v. Lamrini,* 392 Mass. at 431, 467 N.E.2d 95.

The defendant relies on *Commonwealth v. Johnson,* 3 Mass.App.Ct. 226, 326 N.E.2d 355 (1975). That was a case, however, in which the victim initiated sudden combat and which involved "highly unusual circumstances," *id.* at 231, 326 N.E.2d 355; it has no bearing on the substantially different facts of this case. Compare *id.* at 233, 326 N.E.2d 355.

**\*1265** There was no error in the denial of the motion.

[3] 3. *Instructions on reasonable doubt.* The defendant objected to the charge on reasonable doubt. His argument is that the judge (who eschewed, inexplicably, the "time-tested language of *Commonwealth v. Webster,* 5 Cush. 295, 320 [1850]," see *Commonwealth v. Wood,* 380 Mass. 545, 551, 404 N.E.2d 1223 [1980] ) erroneously instructed the jurors "that they may convict upon a moral certainty without more."

There was no error in the judge's charge on reasonable doubt. (FN1) He gave the instruction, "Proof beyond a reasonable [30 Mass.App.Ct. 290] doubt is proof to a moral certitude," but that, the Supreme Judicial Court has said, "is the heart of the matter," *Commonwealth v. Therrien,* 371 Mass. 203, 207, 355 N.E.2d 913 (1976), for it conveys the high degree of probability that is required for conviction.

*Webster,* too, uses the same phrase: "the evidence must establish the truth of the fact to a reasonable and *moral certainty* ..." (emphasis supplied). *Commonwealth v. Webster,* 5 Cush. at 320. The reference in *Webster* to "reasonable ... certainty" is meant to convey the idea, for the benefit of the Commonwealth, not the defendant, that "absolute certainty" of guilt is not required, *ibid.,* and the absence of that idea was, if anything, a benefit to the defendant. Moreover, the judge told the jury that "if, when all is said and done there remain[s] in the mind of this jury a reasonable doubt from the evidence, then the law is clear, Shannon Ewing shall have the benefit of this doubt." Contrast a charge which instructs the jury to convict in the absence of a "*doubt* which amounts to a moral certainty" (emphasis added). See *Commonwealth v. Wood,* 380 Mass. at 548, 404 N.E.2d 1223.

[4] 4. *The Instruction on Malice and Intoxication.* The defendant objected to the refusal of the judge to give the following instruction: "I have told you that one of the elements of the offense of murder which the Commonwealth must prove beyond a reasonable doubt is that the defendant acted with malice; that he specifically intended to kill. The defendant cannot be guilty of murder without that malice and specific[30 Mass.App.Ct. 291] intent. When you consider whether or not the Commonwealth has proved that the defendant acted with malice and had the necessary intent, you may take into account the evidence of intoxication."

The judge was correct in refusing the requested instruction; there was no evidence of intoxication. (FN2) The defendant testified that he had been drinking beer with the victim, but the record is barren of any evidence that the defendant was intoxicated or that the beer had any effect on his state of mind. See *Commonwealth v. Moore,* 408 Mass. 117, 134-135, 556 N.E.2d 392 (1990); *Commonwealth v. Freiberg,* 405 Mass. 282, 287, 540 N.E.2d 1289 (1989).

[5] 5. *The instructions on manslaughter.* The defendant requested detailed **\*1266** instructions on the meaning of "heat of passion" and "provocation." (FN3) See *Commonwealth v. Walden,* 380 Mass. 724, 727, 405 N.E.2d 939 (1980). The judge's instructions on these terms, which we set out in the margin, (FN4) were adequate.

[30 Mass.App.Ct. 292] The defendant's trial testimony--unlike his statement to the New Jersey police (FN5)--described the victim's act of fellatio upon the defendant. When the defendant resisted

further advances, the victim positioned himself "near the door," the defendant thereupon punched the victim, and a fistfight ensued, during the course of which the defendant drew out a knife from his back pocket and thrust it into the defendant's neck and chest.

On the defendant's own statements to the New Jersey police and on his testimony at the trial, an instruction on manslaughter was certainly favorable to the defendant, see *Commonwealth v. Corriveau,* 396 Mass. 319, 340-341, 486 N.E.2d 29 (1985), and the judge's description of voluntary manslaughter was not defective or inadequate. Compare *Commonwealth v. Weaver,* 395 Mass. 307, 312, 479 N.E.2d 682 (1985). The judge did not have to give illustrations of acts that might constitute provocation, nor was he required to adopt the defendant's requested charges, however nicely phrased. *Ibid.* There was no error.

The defendant's argument that the judge's instructions on the voluntariness of the defendant's statement to the police in New Jersey were insufficient has no merit; the instructions were more expansive and detailed than the defendant's requests[30 Mass.App.Ct. 293] numbered thirty-six and thirty-nine which were the basis of the objection. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). In any event, the judge's instructions were adequate. See *Commonwealth v. Williams,* 388 Mass. 846, 856-857, 448 N.E.2d 1114 (1983).

The defendant's remaining arguments are presented here for the first time, with **\*1267.** the claim that certain alleged errors, to which the defendant did not object, created a substantial risk of a miscarriage of justice. After a careful review of the record, we conclude that there was no error. Further discussion is not warranted.

*Judgment affirmed.*

(FN1.) The judge's entire charge on reasonable doubt was the following:

"Well, what is proof beyond a reasonable doubt? It's a weight, a measure; it's a quantum of proof from the evidence, if there is any evidence that you find credible, believable. Such a measure that convinces you and causes you to form and to hold a strong conviction that from this credible evidence you are satisfied, and that you have within you a strong and a settled belief, such a strong and settled conviction that you may be said to be morally certain.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

"Proof beyond a reasonable doubt is proof to a moral certitude. Now it isn't proof beyond all possibility of innocence. Proof beyond a reasonable doubt isn't proof to a philosophical absolute or a mathematical certitude. But it is such a measure of proof that from the evidence, a juror says to him or herself from the evidence that I give credence to, I have within me now a firm and a settled conviction of this man's guilt, such a firm and settled conviction that I may be said to be morally certain. For the law also is, if when all is said and done there remain in the mind of this jury a reasonable doubt from the evidence, then the law is clear, Shannon Ewing shall have the benefit of this doubt. By your oath says, if he be guilty you shall find him guilty. If he be not guilty you shall find him not guilty and no more."

(FN2.) The judge's instruction that the defendant's alleged intoxication could be considered in connection with deliberate premeditation was more favorable to the defendant than was required by the evidence.

(FN3.) Involuntary manslaughter was not an issue at the trial and is not an issue on appeal.

(FN4.) The judge charged the jury as follows:

"More specifically, what it is, manslaughter is the killing from a sudden transport of passion or heat of blood, upon some reasonable provocation and without malice. Or the taking of another's life occasioned by sudden combat; taking of another's life in the heat of passion occasioned by some sudden provocation. The malice aforethought is the distinctive element of murder, and it is explicitly excluded from manslaughter. If upon sudden provocation in the heat of passion, and I'll talk about that very shortly, if that is present, then malice aforethought is necessarily absent. And the killing is not murder.

"Heat of passion or sudden provocation. What is sudden provocation? Well, first, words. You can't

be insulted; you cannot be insulted by words alone. Sudden provocation is, does not include words alone. No matter how insulted you might be, the law says that is not sufficient provocation to dethrone reason. Because you see, in the heat of passion that is what happens, that reason gets dethroned. You're not, for the moment there, you're not, you're not with the ability to reflect rationally.

"Manslaughter is the unlawful taking of a life without malice aforethought, but it may be committed with real purpose and design where the cause is mitigated, because the design or purpose is suddenly formed and it's in the heat of mutual combat or through the violence of sudden passion that was itself the subject of strong provocation.

"So, you have to look at the circumstances of this case. If the Commonwealth says murder, it must show it isn't manslaughter, any evidence of provocation. And the evidence of words alone is never enough. Any evidence of such provocation that would cause the heat of blood to raise up and rationality and reason be dethroned. The difference is the state of mind of the actor....

"See, taking of another's life, with what the law calls malice aforethought is murder. Taking of another's life intentionally if one is provoked by something other than words, by actions, and so provoked that by combat, that the hot blood rises, heat of passion is what the law calls it. Reason dethroned; then the law makes allowance for that human frailty, and that killing is manslaughter. It's for you to say."

(FN5.) The defendant's statement to the New Jersey police did not include a description of a fistfight or of the act of fellatio. The statement describes the defendant as resisting the victim's homosexual advances and says that the victim, after yelling at the defendant for "leading him on," proceeded to take off his clothes notwithstanding the defendant's rebuff and that the defendant then drew out his knife and thrust it into the victim's neck.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

571 N.E.2d 28, 409 Mass. 1105, Com. v. Ewing, (Mass. 1991)

**Page 1**

**\*28** 571 N.E.2d 28

409 Mass. 1105

(The Court's decision is referenced in a "Supreme Judicial Court of Massachusetts Further Appellate Review" table in the North Eastern Reporter.)

Supreme Judicial Court of Massachusetts.

**Commonwealth**
**v.**
**Ewing (Shannon)**
APR 29, 1991

30 Mass.App.Ct. 285, 567 N.E.2d 1262.

DENIED.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

## APPEALS COURT
### Panel Cases
Case Docket



---

### COMMONWEALTH vs. SHANNON EWING
1997-P-0866

---

| CASE HEADER | | | |
|---|---|---|---|
| **Case Status** | Dismissed under Standing Order 17A | **Status Date** | 01/06/1998 |
| **Nature** | CRIMINAL | **Entry Date** | 05/08/1997 |
| **Sub-Nature** | NEW TRIAL/REDUCE VERDI | **SJ Number** | |
| **Appellant** | Defendant | **Case Type** | Criminal |
| **Brief Status** | Awaiting blue brief | **Brief Due** | 12/16/1997 |
| **Panel** | | **Argued/Submitted** | |
| **Citation** | | **Decision Date** | |
| **Lower Court** | Essex Superior Court | **TC Number** | |
| **Lower Ct Judge** | | **TC Entry Date** | |

---

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Commonwealth**<br>Plaintiff/Appellee | Elin H. Graydon, A.D.A. |
| **Shannon Ewing**<br>Pro Se Defendant/Appellant<br>3 Extensions, 181 Days | |

---

| DOCKET ENTRIES | | |
|---|---|---|
| **Entry Date** | **Paper** | **Entry Text** |
| 05/08/1997 | | TRANS: NONE |
| 05/08/1997 | | MEMO: REFER TO 90-P-690 |
| 05/08/1997 | #1 | ENTERED. #CR14183. |
| 06/20/1997 | #2 | APPT'S MTN: EXTEND B/A. |
| 06/20/1997 | | RE#2 ALLOWED TO 7/18/97. NOTICE. |
| 09/16/1997 | | NOTICE PRECEDING DISMISSAL: 17A. |
| 09/26/1997 | #3 | APPT'S MTN: REINSTATEMENT OF RIGHTS W/ ATTACH. |
| 09/26/1997 | | RE#3 AS ONLY 1ST STEP OF 17A DISMISSAL HAS ENTERED, APPEAL NOT YET DISMISSED. W/IN TREATED AS MTN TO ENLARGE TIME & IS ALLOWED. APPT SHALL SERVE & FILE B/A ON/BEFORE 10/28/97. FURTHER INACTION AT THAT TIME SHALL LEAD TO ENTRY OF SO 17A STEP 2. *NOTICE. |
| 10/27/1997 | #4 | APPT'T MTN: ACCEPT BRIEF AS IS W/EXCESS PAGES. |
| 10/28/1997 | #5 | APPT'S MTN: PROCEED ON ORIG RECORD. |
| 10/28/1997 | #6 | APPT'S MTN: APPOINTMEMT OF CNSL W/MEMO. |
| 10/28/1997 | | RE#4 DENIED.(J) NOTICE. |
| 10/28/1997 | | RE#5 DENIED.(J) NOTICE |
| 10/28/1997 | | RE#6 DENIED AS THERE IS NO RIGHT TO CNSL IN AN APPEAL SUCH AS THIS.SEE COMM V. CONCEAICAO 388 MASS 255 (1983). NOTICE |
| 10/29/1997 | #7 | LTR/MR EWING RE: ACCEPT BRIEFS AS FILED. |
| 10/29/1997 | | RE#7 TREATING W/IN AS MTN FOR RECONSID- ERATION IT IS ALLOWED. UPON RECONSID- ERATION SJ'S 10/28/97 ACTIONS ON PAPER #4 & #5 ARE TO STAND. (J) |

|              | *NOTICE.                                                                                                                                                                                                       |
|--------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 11/03/1997   | DISMISSAL: 17A.                                                                                                                                                                                                |
| 11/13/1997 #8 | APPT'S MTN: RECONSIDERATION PAPER #'S 4 & 7.                                                                                                                                                                  |
| 11/14/1997   | RE#8 APPT SHALL SERVE & FILE B/A ON/BE- FORE 12/16/97. ALL OTHER REQUESTS FOR RELIEF ARE DENIED. *NOTICE.                                                                                                     |
| 11/28/1997 #9 | APPT'S LTR RE: ACTION ON PAPER #8.                                                                                                                                                                            |
| 11/28/1997   | RE#9 BRIEFS WERE NOT ACCEPTED BECAUSE THEY DO NOT CONFORM TO MRAP & CT HAS REFUSED TO ACCEPT THEM. ENLARGEMENT TO 12/16/97 IS TO ALLOW YOU TO FILE A SET WHICH CONFORMS W/RULES. NOTICE.                       |
| 01/06/1998 #10 | NOTICE/DISMISSAL TO TRIAL CT: 17A. IMAGED.                                                                                                                                                                   |
| 03/30/2001 #11 | Letter from Shannon Ewing re: request copy of brief.                                                                                                                                                         |
| 04/02/2001   | RE#11 This Court did not accept any briefs in #97-P-866. The Court did not retain a copy of the brief that you attempted to file in 1997 after the appeal was dismissed on 1/6/98. A copy of the docket is enclosed for your review. *Notice. |

As of 08/18/2005 13:15



**\*583**  825 N.E.2d 583

63 Mass.App.Ct. 1111

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

**COMMONWEALTH,**
v.
**Shannon EWING.**

**No. 02-P-1555.**
April 19, 2005.

*MEMORANDUM AND ORDER*
*PURSUANT TO RULE 1:28*

We affirm the denial of the defendant's second motion for new trial for the reasons that follow.

Having already obtained appellate review, the defendant now seeks review of the denial of his second motion for new trial. (FN1) See *Commonwealth v. Ewing,* 30 Mass.App.Ct. 285 (1991). On appeal he argues that: (1) his attorney was ineffective for failing to present evidence of his psychological condition to negate the element of malice; (2) the judge improperly shifted the burden of proof when he instructed the jury that the intentional use of a deadly weapon constitutes malice; and (3) the prosecutor's summation went beyond the fair inferences that could be drawn from the evidence. None of these issues were raised at trial, on appeal, nor resurrected by the motion judge. See Supp. A. 90-91.

While we acknowledge the merit of the Commonwealth's contention that the first issue is not properly before this court--because it only appeared in the defendant's original motion for new trial, which has been dismissed--in the interests of finality and the fair and efficient administration of justice, we consider each issue to determine whether there was error, and if so, whether the error created a substantial risk of a miscarriage of justice. See *Commonwealth v. Abreu,* 391 Mass. 777, 777 n. 1 (1984); *Commonwealth v. Randolph,* 438 Mass. 290, 297 (2002). Similarly, we decline the Commonwealth's invitation to strike the psychological reports the defendant filed in support of the first issue concerning his mental condition.

1. *Ineffective assistance of counsel.* On appeal the defendant argues that his trial attorney should have introduced evidence of the defendant's psychological impairments, which he claims would have cast substantial doubt on his ability to form the requisite intent to commit murder. In order to prevail, the defendant must satisfy the familiar two prong standard set forth in *Commonwealth v. Saferian,* 366 Mass. 89, 96 (1974). The first prong is met in relation to a mental state claim where the defendant has shown that "facts known to, or accessible to, trial counsel raised a reasonable doubt as to the defendant's mental condition." *Commonwealth v. Doucette,* 391 Mass. 443, 458-459 (1984). See also *Commonwealth v. Stevens,* 379 Mass. 772, 774 (1980); *Commonwealth v. Roberio,* 428 Mass. 278, 279-280 (1998).

To meet this burden, the defendant has included a report from Dr. Rothfarb, prepared after conducting an evaluation of the defendant on March 13, 1985. Supp. A. 79-81. Dr. Rothfarb described the defendant "[d]iagnostically ... as a Conduct Disorder Undersocialized, Aggressive." Supp. A. 81. In addition, he indicated that the defendant's "schizoid" character, in conjunction with his "minimal brain dysfunction," causes him to become "confused" and, in turn, to react "impulsively in a maladaptive way, using anger to deal with his anxiety...." *Ibid.* The defendant has also included a second report prepared by Dr. Skoff, who evaluated the defendant on September 20, 1985. Supp. A. 82-86. Dr. Skoff suggests that the defendant may be affected by psychosis resulting from schizophrenia, as well as frontal lobe dysfunction. Supp. A. 86. Dr. Skoff also indicated that the defendant exhibited an "inability to foresee the consequences of [his] actions and subsequent impulsive responding." *Ibid.*

Neither of these reports, however, amplify what the defendant's mental condition might have been at the time of the victim's killing three years later, on or about August 13, 1988. Nor has the defendant cited to any other part of the record in this case that might fill that gap. In addition, the record is devoid of any proof that the defendant's trial attorney was ever made aware of or knew about these previous evaluations. See Supp.App. 74. Absent some shred of evidence that the defendant's mental condition was impaired at the time of the murder, his claim that his attorney was ineffective for failing to pursue this line of inquiry is unavailing. See and compare *Commonwealth v. Gould,* 413 Mass. 707, 711-712 (1992); *Commonwealth v. Schulze,* 14 Mass.App.Ct. 343, 349-350 (1982).

**\*583_** Even if we were to assume that the defendant had met the first *Saferian* prong, *Commonwealth v. Saferian,* 366 Mass. at 96, and established that counsel's behavior fell below that expected from an

© 2005 Thomson/West. No claim to original U.S. Govt. works.

ordinary fallible lawyer, he still could not prevail because absent proof of his mental condition at the time of the killing, any claim that better work would have accomplished something material for the defense is speculative.

Moreover, as the Commonwealth argues, the facts of the case and the existence of alternative defenses suggest that such a defense may not have been viable. See Commonwealth's brief at pages 35-37; *Commonwealth v. Doucette,* 391 Mass. at 458; *Commonwealth v. Mamay,* 407 Mass. 412, 423 (1990).

2. *Malice instruction.* The defendant argues that the following passage from the judge's instruction created a mandatory presumption that malice be inferred from the use of a deadly weapon.

"A killing may be malicious and consequently murder, even though the slayer in fact did not wish to cause death. For, if a man intentionally and without legal justification, excuse or extenuation used upon the person or body of another a force, for example, a bullet from a revolver, or uses a dagger, a force that i[f] used would probably do grievous harm to that other and creates a plain and strong likelihood that the other would die as a result, then that act is malicious within the meaning of the law, even if the doer of such an act was indifferent as to whether or not death would result, or even if the doer of the act wished or hoped that death would not result."

Virtually identical language was challenged in *Commonwealth v. Pierce,* 419 Mass. 28, 37-38 (1994). In *Pierce,* as here, the defendant argued that the instruction had the effect of imposing a mandatory presumption of malice arising from the use of a deadly weapon. *Id.* at 37. The *Pierce* court concluded that the language was flawed, but ruled that it did not create a substantial risk of a miscarriage of justice where the charge read as a whole did not relieve the Commonwealth of its burden on the element of malice. *Id.* at 37-38.

Here, where the same standard of review applies, the charge taken as a whole could not have reasonably been understood as relieving the Commonwealth of its burden on the element of malice. In view of the broad

flexibility described to the jury by the trial judge concerning their power and obligation to find the facts, his repeated instructions regarding the elements of murder, his correct instructions regarding the Commonwealth's duty to prove the *absence* of mitigating and extenuating circumstances, and that to convict they must be convinced beyond a reasonable doubt that the Commonwealth has sustained its burden to prove the crime of murder, there was no substantial risk of a miscarriage of justice. *Commonwealth v. Dunker,* 23 Mass.App.Ct. at 64, 72 (1986).

The defendant also argues that the judge's instruction that "[m]alice may be inferred or implied by you jurors in every deliberate and cruel act done by another, however sudden" may have been unfairly confusing is without support in the decisional law that has plainly approved similar language. See *Commonwealth v. Hicks,* 50 Mass.App.Ct. 215, 219 (2000).

3. *Prosecutor's closing argument.* The defendant argues that the following remark by the prosecutor during his summation improperly referred to facts not in evidence.

"And when [the defendant] got into that car on Essex Street or wherever you may choose he got in, he didn't get in to enjoy the conversation, and he didn't get into go for a beer with this man, this sixty-five year-old man he didn't know. He knew exactly why he was in that car. And he went there for the purposes of sexual acts that we concede in fact occurred."

The claim is meritless where the comment is based on the fair inferences that could be drawn from the evidence, and certainly, was not more prejudicial than the properly admitted evidence at trial that one of the defendant's pubic hairs was discovered in the victim's throat during the autopsy.

*Order denying motion for new trial affirmed.*

(FN1.) The defendant was represented at trial and on direct appeal by an attorney. All pleadings filed after the direct appeal have been pro se. See generally Supp. A. 1-11; 75, 112.

© 2005 Thomson/West. No claim to original U.S. Govt. works.



## APPEALS COURT
## Panel Cases
Case Docket

### COMMONWEALTH vs. SHANNON EWING
2002-P-1555

| CASE HEADER | | | |
|---|---|---|---|
| **Case Status** | Closed: Rescript issued | **Status Date** | 11/30/2005 |
| **Nature** | Murder2 | **Entry Date** | 11/21/2002 |
| **Sub-Nature** | Denial Motion for New Trial | **SJ Number** | |
| **Appellant** | Defendant | **Case Type** | Criminal |
| **Brief Status** | | **Brief Due** | |
| **Panel** | Cypher, Kantrowitz, Graham, J., JJ. | **Argued/Submitted** | 02/17/2005 |
| **Citation** | 63 Mass. App. Ct. 1111 | **Decision Date** | 04/19/2005 |
| **Lower Court** | Essex Superior Court | **TC Number** | |
| **Lower Ct Judge** | Robert H. Bohn, J. | **TC Entry Date** | 09/28/1988 |

### ADDITIONAL INFORMATION

FAR docket number is FAR-15064.

### INVOLVED PARTY

**Commonwealth**
Plaintiff/Appellee
Red brief & appendix filed
4 Extensions, 83 Days

**Shannon Ewing**
Pro Se Defendant/Appellant
Blue brief & appendix filed
3 Extensions, 546 Days

### ATTORNEY APPEARANCE

Elin H. Graydon, A.D.A.
Catherine L. Semel, A.D.A.

Dorothy A. Mele, Esquire
Inactive

| DOCKET ENTRIES | | |
|---|---|---|
| **Entry Date** | **Paper** | **Entry Text** |
| 11/21/2002 | | Transcripts received: NONE |
| 11/21/2002 | | Prior A.C. cases involving same parties: 1990-P-0690, 1997-P-0866. |
| 11/21/2002 | #1 | Entered. |
| 11/29/2002 | #2 | Motion for reinstatement of appellate rights and to consolidate criminal dockets, filed by Shannon Ewing. |
| 12/02/2002 | #3 | Motion for special order, filed by Shannon Ewing. |
| 12/02/2002 | | RE#2: Denied. (Mills, J.) *Notice. |
| 12/03/2002 | | RE#3: Mass.R.A.P. 6(a) does not confer upon the single justice authority to order the Department to mail the appellant's briefs without the required postage. *Notice. |
| 12/06/2002 | #4 | Motion for leave to appeal en banc, filed by Shannon Ewing. |
| 12/06/2002 | | RE#4: Denied. Neither MRAP 24(b) nor any other MRAP provides for the cout to sit en banc. *Notice. |
| 12/30/2002 | #5 | MOTION to extend brief & appendix due date, filed by Shannon Ewing. |
| 12/30/2002 | | RE#5: Allowed to 01/30/2003 for filing of brief of Shannon Ewing, Defendant/Appellant. Notice to counsel. |
| 01/24/2003 | #6 | Motion for voluntary dismissal filed by Shannon Ewing. |

| 01/27/2003 | RE#6 Denied without prejudice to refiling accompanied by (1) defendant's affidavit indicating that she understands that dismissal of the appeal will be with prejudice, and (2) a certificate indicating service of same to the Commonwealth, per MRAP 13(d). *Notice. |
| 02/07/2003 | Notice preceding dismissal: Rule 17A. |
| 03/07/2003 | ORDER: DISMISSAL under Rule 17A. |
| 03/21/2003 #7 | Notice of dismissal to Trial Court: 17A. (Imaged) |
| 04/16/2003 #8 | Letter from Shannon Ewing re: never got any ruling on paper #6 and receipt of step one dismissal 17A. |
| 04/18/2003 | RE#8 This matter was dismissed on 03/21/03 and is now closed. A copy of the docket is enclosed. It is the appellant's responsibility to notify this court of any address change by filing a notice of change of address. Appellant's new address contained on this pleading is noted. *Notice. |
| 04/26/2004 #9 | Motion for reinstatement of appellate rights, filed by Shannon Ewing. |
| 04/26/2004 #10 | MOTION for the appointment of counsel, filed by Shannon Ewing. |
| 04/26/2004 #11 | Affidavit of indigency, filed by Shannon Ewing. |
| 05/03/2004 | RE#9: Allowed. The appeal of the defendant is reinstated this date. Appellate proceedings are stayed to 6/3/04. A status report is due that date from the defendant. (LK C CO) Notice/Attest/Image |
| 05/03/2004 | RE#10 Allowed to the extent screening counsel will be appointed. See Notice of Assignement of Counsel #2913973-6. (LK C CO) Notice. |
| 05/03/2004 #12 | Notice: CPCS to assign counsel for Shannon Ewing for screening purposes only. Assignment# 29113973-6 (Cohen, J.) Notice |
| 05/28/2004 #13 | Status Review Report filed by Shannon Ewing. |
| 05/28/2004 #14 | MOTION to stay appellate rights, filed by Shannon Ewing. |
| 05/28/2004 | RE#13: Appellate proceedings STAYED to 06/29/04. Status report due that date from CPCS or screening counsel as to progress of screening, which shall include an estimated date for completion of the screening, if such has not occurred yet. Notice. |
| 05/28/2004 | RE#14 See court's action on paper #13. Notice. |
| 07/02/2004 #15 | Letter from Clerk's Office to Shannon Ewing re: nonconforming brief and appendix; conforming brief and appendix due on or before 7/13/04. *Notice. |
| 07/06/2004 #16 | Motion to dissolve odered stay, filed by Shannon Ewing. |
| 07/06/2004 | RE#16 The stay terminated on June 29, 2004; no action necessary. |
| 07/12/2004 #17 | Motion to file non-conforming brief filed by Shannon Ewing. |
| 07/13/2004 | RE#17 The appellant's brief and appendix shall be accepted upon the filing of a certificate of service of that brief and appendix on opposing counsel. (Green, J.) *Notice. |
| 07/19/2004 #18 | SERVICE of brief & appendix for Defendant/Appellant Shannon Ewing. |
| 07/27/2004 #19 | MOTION for appointment of counsel, filed by Shannon Ewing. |
| 07/27/2004 | RE#19 See the action of May 3, 2004, on paper #10. *Notice. |
| 08/20/2004 #20 | MOTION to stay, filed by the Commonwealth. |
| 08/20/2004 | RE#20: Allowed. Proceeding stayed to 09/03/2004. Commonwealth to file a status report on or before that date regarding appointment of screening counsel. *Notice. |
| 08/26/2004 #21 | Letter from William J. Leahy, Esquire/CPCS re: CPCS decided not to assign counsel in this matter. |
| 08/26/2004 | RE#21: The within is noted. Stay is vacated. Appellant is deemed to be proceeding pro se. Commonwealth's brief to be filed and served on or before 9/27/04. Notice. |
| 09/27/2004 #22 | MOTION to extend brief due date of Commonwealth. |
| 09/28/2004 | RE#22: Extension to 10/29/2004 granted for filing of brief of Commonwealth, Plaintiff/Appellee. No further enlargements. *Notice. |
| 10/08/2004 #23 | Letter from Shannon Ewing re: request for copy of docket. |
| 10/08/2004 | Copy of docket sent to Shannon Ewing. |
| 10/26/2004 #24 | MOTION for appointment of private counsel, filed by Shannon Ewing. |

| | | |
|---|---|---|
| 10/27/2004 | | RE#24: Denied. (Kafker, J.) Notice. |
| 11/09/2004 | #25 | MOTION to file brief late, filed by Commonwealth. |
| 11/09/2004 | | RE#25: The motion is allowed and the appellee brief and supplemental appendix is accepted for filing this date. Notice. |
| 11/09/2004 | #26 | SERVICE of brief & supplemental appendix for Plaintiff/Appellee Commonwealth. |
| 11/09/2004 | #27 | MOTION to strike two psychological reports from the defendant's record appendix, filed by Commonwealth. |
| 11/10/2004 | #28 | Letter from Shannon Ewing re: case status. |
| 11/10/2004 | | RE#28 The within appeal is proceeding on its normal due course. See enclosed copy of the docket. *Notice. |
| 11/10/2004 | | Copy of docket sent to Shannon Ewing. |
| 11/10/2004 | | RE#27 Referred to the panel designated to decide this appeal. (Brown, J.) *Notice. |
| 02/02/2005 | | Placed on February non-argument list. |
| 02/17/2005 | | Under consideration by Panel. (C CW GM). |
| 04/19/2005 | | RE#27 (Revised Action) Denied; see this Court's Memorandum and Order Pursuant to Rule 1:28, dated April 19, 2005. (Cypher, Kantrowitz, Graham, JJ.) *Notice. |
| 04/19/2005 | #29 | Decision: Rule 1:28 (C KN GM). Order denying motion for new trial affirmed. *Notice. (See image on file.) |
| 05/17/2005 | | RESCRIPT to Trial Court. |
| 09/12/2005 | #30 | Letter from Shannon Ewing re: request for SJC docket number for the "Further Appellate Review" and intent to file a "Motion for leave to obtain late Review". |
| 09/13/2005 | | RE#30: Any request for information regarding a pending FAR application must be made to the SJC. *Notice. |
| 11/30/2005 | | FAR DENIED (on 11/30/05). |

As of 12/01/2005 01:02