TO: HON. Justice Bowler
    Chief Magistrate Justice
    United States District Court
    For Massachusetts,
    John Moakley Courthouse Blgd
    1 Cause Way, Suite 8420
    Boston, Mass 02210.


Re: Filing Ceriorari in Supreme Court
    of United States.

Dear Justice Bowler;

    Enclosed is the Notice of me Filing a Writ of Certiorari in the United States Supreme Court. I Filed this Certiorari on December 26, 2005, because under 28 U.S.C. § 1257(a), I only had 90 days to do so. I filed this Ceriorari because I felt that I would not get a fair decision with you, I came to this realization when I filed my Motion for a Stay. You Gave the Respondents Time to answer that Request. However, I cited the reason on the fact that they would need additional time to procure the transcripts of my Trial.

    They filed a Motion for an Extention, which you didn't decide, But assuming that there was no denial, it was allowed. Now, I turn your attention to the case of <u>Kilburn vs. Maloney</u>, 164 F.Supp.2d 113 (1st cir, 2001)which stands for the proposition that a " Stay " in this circuit is the Rule and not the exception.

(2)

I requested a Stay because I was waiting for the Massachusetts Supreme Judicial Court to render a decision to my Further Appellate Review Application. However, That was not the only reason I requested a Stay because I heeded to go back to the Essex County Superior Court for the Ieffective Asssitence of Counsel claim for the Malice Presumption error. In 1997, the Massachusetts Appeals Court denied me to file a 87 page brief and alot of issues were not raised cause of that fact.

When I submitted the brief after the Court Reinstated my Appellate Rights, I left out alot of the original arguments. The Ineffective Asssitence error was one. Under the Current law, I need, in order to obtain relief, is surmount the "Cause" and "Prejudice' standard. because of the Massachusetts long standing and consisitently applied Contemporaneous Objection Rule.

See <u>Wainright vs. Skyes,</u> 433 U.S. 72 (1977), You denying that Stay would be a direct verdict for the Respondents. There is only one exception to this Rule, Which the First Circuit realized in <u>Barresi vs. Maloney,</u> 296 F.3d 48 (1st Cir. 2002), in whcich the Court Stated: "[W]hile our inquiry must focus on the ' Four Corners ' of the ALOFAR, we have never held that appellate review is confined to an examination of that pleading in Isolation. Rather, we have ackowledged that, under certain circumstances, the pleadings and filings submitted by a habeas petitioner to lower State Courts (e.g., a Motion for a New Trial or a brief submoitted to an

(3)

intermediate appellate court) Provide " a backdrop against which his later filings [must] be viewed. Barresi, 296 F.3d at 5. with out the Stay I will bear the burden of establishing the exception. Under the ADEPA's Statute, the granting of a Writ is hard to surmount, the congress made it extremely difficult to obtain a Writ, I can do the Malice error under Yates vs. Evitt, 500 U.S. 391 (1991), Which calls for a specific outcome. The out come is shown by the history of the Yates's in the Supreme Court. in any event, I filed my certiorari in the Supreme Court of the United States. All parties have been Notified.

Date: 12-30-05

Respectfully Submitted,

/s/ Jerry

Shannon Ewing, W-46305
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.

IN THE

SUPREME COURT OF THE UNITED STATES
DECEMBER TERM 2005

NO._____

SHANNON EWING,
    Petitioner,

vs.

MASSACHUSETTS, et al.,
    Respondents.

TO: HON. Justice Bowler, District Justice
    of Massachusetts.

NOTICE TO JUSTICE OF FILING PETITION FOR ERIT OF CERTIORARI

YOU ARE NOTIFIED that the Petition for Writ of Certiorari in the above-entitled and numbered case was filed in the Supreme Court of the United States on December 26, 2005.

Date: 12-30-05

Respectfully Submitted,

Shannon Ewing, W-46305
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.