UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON EWING,<br><br>    Petitioner,<br><br>v.<br><br>KENNETH W. NELSON,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-11850-RGS<br>)<br>)<br>)<br>)<br>) |

**RESPONDENT KENNETH W. NELSON'S MOTION FOR LEAVE TO FILE
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Local Rule 7.1(B)(3), Respondent Kenneth W. Nelson hereby respectfully moves this Court for permission to file a brief, five-page reply memorandum in further support of his previously-filed motion to dismiss. Respondent's reply memorandum is electronically attached herewith. In support of this Motion, Respondent states as follows:

1. Respondent filed his motion to dismiss, with a supporting memorandum of law, on January 4, 2006.

2. Petitioner Shannon Ewing filed his opposition to Respondent's motion to dismiss on or about January 24, 2006.

3. In order to aid the Court most effectively and thoroughly, it is necessary for Respondent to file a brief memorandum to reply to several arguments raised in Ewing's opposition, which were not previously addressed in Respondent's motion to dismiss and supporting memorandum.

4. Allowance of this Motion will serve the interests of economy and will not prejudice any party.

WHEREFORE, Respondent Kenneth W. Nelson respectfully requests that the Court allow this Motion, and grant him leave to file a reply memorandum in further support of his motion to dismiss.

Respectfully submitted,

KENNETH W. NELSON,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833

Dated:  February 15, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that Petitioner is currently incarcerated at a Massachusetts Correctional Institution and is not represented by counsel, rendering pre-filing conference impracticable.

/s/ Scott A. Katz
Scott A. Katz

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner Shannon Ewing, Bridgewater State Hospital, 20 Administration Road, Bridgewater, MA 02324 by first-class mail, postage prepaid, on February 15, 2006.

/s/ Scott A. Katz
Scott A. Katz

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON EWING, <br><br> Petitioner, <br><br> v. <br><br> KENNETH W. NELSON, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-11850-RGS <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONDENT KENNETH W. NELSON'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Respondent Kenneth W. Nelson respectfully submits this brief reply memorandum in order to address several issues raised by petitioner Shannon Ewing in his opposition to Respondent's motion to dismiss.

In his motion to dismiss[1] and supporting memorandum,[2] Respondent argued that Ewing's petition is time-barred.[3] In response, Ewing argues that the limitations period applicable to his petition was tolled until November 30, 2005, thus making his petition timely. Petitioner's

---

[1] Docket entry # 9.

[2] Docket entry # 10.

[3] Briefly, Ewing's conviction became final for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on July 28, 1991. Because his conviction became final prior to the date AEDPA became effective, the one-year period of limitation applicable to habeas petitions enacted as part of AEDPA would normally give him until April 24, 1997 to file his petition. But AEDPA also tolls the limitations period while an application for State post-conviction relief is pending. Here, Ewing's motion for new trial in the Massachusetts courts tolled the limitations period applicable to his federal habeas petition until June 10, 1998. Ewing's petition, however, was not filed until, at the earliest, September 5, 2005—more than seven years after the applicable limitations period expired.

Opposition at 9-10.[4]  Ewing's tolling argument appears to be based on either: (1) the operation of 28 U.S.C. § 2244(d)(2), which tolls the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending"; and/or (2) the doctrine of equitable tolling.  But, as described below, Ewing cannot rely on either of these theories to toll the limitations period.

I.  **28 U.S.C. § 2244(d)(2) TOLLED THE LIMITATIONS APPLICABLE TO EWING'S PETITION UNTIL JUNE 10, 1998—AND NO FURTHER.**

To the extent Ewing argues that 28 U.S.C. § 2244(d)(2) tolled the limitations period applicable to his petition any further than June 10, 1998, he is mistaken.  As described in Respondent's motion to dismiss and supporting memorandum, the limitations period began to run on Ewing's petition on April 25, 1996—one day after AEDPA became effective.  It ran without interruption until November 21, 1996, when Ewing filed his first motion for new trial.  Declaration of Scott A. Katz ("Katz Decl."),[5] Exh. A.  Between April 25, 1996 and November 21, 1996, 210 days passed, leaving Ewing with 155 days to file his petition once the limitations clock began to run again.  Ewing's appeal relating to his first motion for new trial was dismissed on January 6, 1998.  Katz Decl., Exh. D.  Following dismissal of that appeal, there was no "properly filed application for State post-conviction or other collateral review" then pending, thereby resuming the running of the limitations period.  As there were then 155 days remaining in the limitations period, Ewing had until June 10, 1998 to file his petition.  Because his petition

---

[4]     Docket entry # 17.

[5]     Docket entry # 13.

was not filed before that date, it is time-barred, and must, therefore, be dismissed with prejudice in its entirety.[6]

## II. THE DOCTRINE OF EQUITABLE TOLLING DOES NOT APPLY TO EWING'S PETITION.

Next, the doctrine of equitable tolling does not help Ewing either. While the First Circuit has recognized that the one-year limitations period enacted as part of AEDPA may be equitably tolled, it has emphasized that "equitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified <u>only in extraordinary circumstances</u>." *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) (emphasis added); *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003) (recognizing that equitable tolling can be used for only "the most exceptional reasons"). In addition, the burden is on the petitioner—Ewing, in this case—to establish the basis for equitable tolling. *See Neverson v. Farquarson*, 366 F.3d 32, 41 (1st Cir. 2004). In most cases, this will require a demonstration that (1) the petitioner has pursued his rights diligently; and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). In this case, Ewing cannot make such a demonstration, as he has failed to diligently pursue his rights.

As this Court has recognized, failure to pursue relief for an extended period of time suffices to foreclose any possibility of equitable tolling. *See Mosso v. Matesanz*, No. 00-10199-

---

[6] By Ewing's own admission, he took no further action until April 2001—well after the limitations period expired—when he requested assistance from the Committee for Public Counsel Services. Petitioner's Opposition at 4-5. And he did not file another "application for State post-conviction or other collateral review" until his second motion for new trial, which he filed on October 25, 2002. That motion has no effect on the timeliness of his habeas petition because it was not filed until after the limitations period had already expired. *See, e.g., Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Because [petitioner's] motion for a new trial was filed well after her AEDPA's limitations period had expired, it did not stop or reset the clock and does not help [petitioner.]").

GAO, 2001 WL 1688900 at *3 (D. Mass. Dec. 5, 2001) (noting that petitioner's failure to file new trial motion over span of years illustrated lack of diligence); *Sanchez v. Hall*, No. 00-10632-GAO, 2001 WL 1688901 at *3 (D. Mass. Dec. 4, 2001) (holding that "eight-month delay does not speak sufficient diligence" to warrant equitable tolling).  Here, there were at least two separate extended periods of time during which Ewing failed to pursue his rights.  First, after the appeal of his first motion for new trial was dismissed for lack of prosecution on January 6, 1998, Katz Decl., Exh. D,  Ewing took no action for nearly <u>five years</u>, before finally filing a second motion for new trial in October 2002.  Katz Decl., Exh. A.  Then, after his second motion for new trial was denied, Ewing's appeal of the denial was again dismissed for failure to prosecute, on March 21, 2003.  Katz Decl., Exh. F.  It took him more than thirteen months, until April 26, 2004, to move for reinstatement of his appellate rights.  *Id.*  In short, Ewing has twice had state-court appeals dismissed for his failure to pursue them, and has had two separate extended periods—one of nearly five years, and the other of thirteen months—during which he took no action to pursue his rights.[7]  This lack of diligence is alone a sufficient reason to not equitably toll the limitations period applicable to Ewing's petition.[8]

---

[7]    In addition, it also bears noting that Ewing failed to pursue his rights for another extended period—from April 29, 1991, when the Massachusetts Supreme Judicial Court denied further appellate review of his direct appeal, until November 21, 1996, when Ewing filed his first motion for new trial.  *See Neverson*, 366 F.3d at 43 (denying equitable tolling where petitioner could not justify three-year delay in bringing collateral challenge prior to enactment of AEDPA).

[8]    Even if Ewing had diligently pursued his rights, he would still not be eligible for equitable tolling, as he fails to demonstrate that any extraordinary circumstance prevented the timely filing of his petition.  Here, Ewing appears to argue that the Massachusetts Appeals Court's unwillingness to accept his brief (which exceeded the court's page limitation) constitutes such a circumstance.  Petitioner's Opposition at 11.  But Ewing does not cite any case (and Respondent is not aware of one) where such action by a state appeals court constituted the type of extraordinary circumstance sufficient to permit equitable tolling.

## CONCLUSION

For the foregoing reasons, and those stated in Respondent's initial memorandum of law, the Court should allow Respondent's motion, and dismiss Ewing's petition, with prejudice, in its entirety.

Respectfully submitted,

KENNETH W. NELSON,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833

Dated:  February 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon petitioner Shannon Ewing, Bridgewater State Hospital, 20 Administration Road, Bridgewater, MA 02324 by first-class mail, postage prepaid, on February 15, 2006.

/s/ Scott A. Katz
Scott A. Katz
