UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
C.A. 05-11850-RGS

```
_____
                           )
SHANNON EWING,             )
     Petitioner,           )
                           )
     vs.                   )
                           )
KENNETH W. NELSON,         )
          Respondent.      )
                           )
_____)
```

## STATEMENT OF OBJECTIONS TO MAGISTRATE JUDGE'S

### REPORT AND RECOMMENDATION

Now comes the Petitioner, Shannon Ewing, Respectfully serves his Statement of Objections to Magistrate Judge's Report and Recommendation filed by Magistrate Judge Bowler, J., On March 10, 2006. Petitioner* brings these objections to her Report Pursuant to Fed.R.Civ.P. 72.

---

\* Pro se objections should be construed liberally, Cause pro se objections are "Not as ideally precise as pleadings from a trained lawyer" Hudson vs. Gammon, 46 F3d 785 (8th Cir. 1995)

(2)

### OBJECTION ONE

The Petitioner objects to Magistrate Bowler characterization of the confrontation as consisting of the ability to exit the "Shack" when the victim approched the Petitioner after the victim came from the other room.

Magistrate Bowler stated in her Report and Recommendation that: " At some point, Petitioner resisted further advances from the victim. When rebuffed, the victim swore at petitioner. At that point petitioner simply could have walked away; There is nothing in his statement that suggest there was any obstacle to his doing so." The Judge makes reference to the Statement Petitioner made to the New Jersey Police. However, A review of the Statement reveals that Petitioner in fact was obstructed from exiting the shack.

The Statement desribe the events as they unfold, Q. Do you want to tell us how you met him? A. My sister lived on Essex Street in lawrence and we was standing downstairs, we was down there about an hour or an hour and a half. Then I was ready to go home and I started

(3)

walking and then he pulled up along side of me, he was driving the car, and he asked me if I wanted a ride. Then he asked me where I lived and I got in and then he asked me what I was doing and what time I had to be home and I told him I didn't have to be home at any special time.

He asked me if I wanted beer. So I said yes and he took me to this place, where he lived or worked it was like a barn house, there was tractors and trucks liked from the City or state and there was couched in there. So, he took me in and we sat down and he turned on some music on the portable radio and then he went in the refirgerrator* and he had a case of lite beer, in cans, the white with the blue. We were drinking the beer and the reunite, its in the back of the truck of the car now. He wasn't really drinking the beer. Then about 20 minutes went by and he started rubbing my leg and told him I had a girlfriend.

He was leaning forward and then when I told him that he sat back. We were sitting there for a half hour and then he started doing it again, but only harder. Then he went up further on my leg and he tried to grab my groin. Then I threw the beer can across

---

\* The Petitioner is quoting the Statement
  as the statement incorrect form, i.e.
  mispellings

(3)

the room and the he stood up and he started bicthing and yelling. He started yelling "you asshole, you lead me on." and he was like mibling and shit like that. Then I stood up and I pulled out the knife in my back pocket. I said to him "You better leave me alone" and I told him to take me home and he was ready to take me home.

But then he started taking off his cloths, he took off his shirt and ht took off his pants and I was just looking at him. then I just went like that (indicating a forward thrust with is right hand. See Police Statement, New Jersey Police, ¶ 5.

Although, " [s]tate Court factual findings are presumed to be correct, unless the hebeas petitioner rebuts that presumption with clear and convincing evidence of error." See Norton vs. Spencer, 351 F.3d 1 (1st Cir 2003). No where does the record reveal that petitioner could have easily exited the "Shack." The Prosecutor commented on that fact in his summation: " For whatever the discussion became between Shannon Ewing, a fight started. And interestingly enough where it is in this Courtroom Mr.Scarelli is placed? He is standing in the doorway." See (TR.Vol.V-25). All the testimony revealed that the attack came after the victim Blocked the only exit that appeared in that shack. Here, The Petitioner clearly "Rebut" the strong presumption of correctness.

(4)

See Medina vs. Matesanz, 298 F.3d 98 (1st Cir. 2002).


**OBJECTION TWO**

The Petitioner objects to Magistrate Bowler's Recommendation to deny the Petitioner Equatable tolling because of the Massachusetts Appeals Court's refusal to docket briefs Petitioner submitted in accordence with applicable Rules. Four Justices' of the Supreme Court of the United States have indicated that nothing in the AEDPA's text or legislative history " Precludes a Federal Court from deeming the limitations period tolled for such a Petition as a matter of equity." See Duncan vs. Wlker, 533 U.S. 167 (2001)(Stevens, Souter, JJ., Concurring; Breyer, Ginsburg, JJ., dissenting.), There is nothing precluding a Court to grant a Petitioner equatable tolling when the Petitioner have been obstucted by some external force from receiving redress for Unconstitutional Convictions. The Federal Court has extroadinary powers to protect the integrity of the Great Writ.

Congress has meant to protect the availibility of that Writ ny adding a few exceptions to the limiting of the Writ. The exception states in relevant parts: A 1-Year period of limitation shall apply

(5)

to an application for a Writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitations period shall run from the latest of- (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State Action. See 28 U.S.C. § 2244(d)(1)(B). It is no doubt that the Petitioner was obstructed from filing his briefs in the Massachusetts Appeals Court by the UnConstitutional Acts of the Justices of that inferior Court.

This is an issue the Court recognized in Chhoeum vs. Shannon, 219 F.Supp.2d 649 (E.D. Pa 2002), where the 8th Circuit discussed and applied the "Impediment" exception to the Lower Court of the 8th district to "Refuse to hear an Appeal that was properly before them." Shannon 219 F.Supp.2d at 644. The expasion of the Writ over centuries have evolved into a complex and intricate body of law, and for that reason, The Courts have been granting equatable tolling in those situations. Especially, Where the Unconstitutional State action that deprives an indigent defendant of "Meaningful access." See Lattimore vs. DuBois, 152 F.Supp.2d 67 (D.Mass 2001). Petitioner couldn't have Petition this Court without first presenting those claims to the State Courts First. Petitioner had to wait for the

(6)

Appeals Court to allow Petitioner to Proceed. It is undisputed that Petitioner had to present all the claims of error on one single brief and failure to do so constitute waiver. Commonwealth vs. Pisa, 384 Mass 362 (1981); Boutwell vs. Bissinnettee, 66 F.Supp.2d 243 (1st Cir. 1999)(issues not briefed in Appeal is deemed waived.). And this is especially true in seeking further review in the State's Supreme Judicial Court. Barresi vs. Maloney, 296 F.3d 48 (1st Cir. 2002)(Exhaustion is required for submitting ALOFAR Application.)

As Magistrate Bowler concluded that " At the time the one year grace period begun to run, Petitioner's direct Appeal had become final and he had no post conviction application for collateral review ' pending '." However, Magistrate Bowler does not recognize that I filed my Post-Conviction Motion was filed well within the grace period if the Appeals Court allowed the filing of that brief and denied relief, Petitioner would have arrived at District Court's doorstep. Simply, The Motion for a New Trial Appeal would have been "pending" until the disposition of the Appeals in State Court.

(7)

## OBJECTION THREE

The Petitioner objects to Magistrate Bowler's Recommendation to dismiss the Writ of Habeas Corpus based entirely on the attended Prejudice to the Commonwealth to seek a Re-Trial and Conviction in the event that this Court holds this current Conviction Unconstitutional.

From the onset, The ground for dismissing a Habeas Corpus cannot rest soley on the ability of the Commonwealth to gain a subsequant conviction. The focus must be on the Constitutionality of a Petitioner's unlawful confinement. The Federal Courts have debated over this issue for years. The question that is posed, Is, Can a Conviction that was tried 20 years ago obtain a new conviction? This question has been answered in the positive. Every circuit that dealt with this problem has concluded that it is impermissible for a Hebeas Corpus Court to deny a Writ on the basis of Prejudice. As a Matter of law, Convictions that have been challenged twenty-two years after the original Trial has obtained convictions were the evidence has been preserved through Trial Transcripts. "[L]apses of time that affect the State's ability, but that do not make it 'virtually impossible' for the state to respond,

(8)

[do not] require dismissal." Jackson vs. Estelle, 570 F.2d 546 (5th cir. 1978)("[P]roblem of proof attendent to claims regarding events which occurred over 30 Years ago. . . 'alone [are] no bar to Federal Habeas relief'."); Hannon vs. Machurer, 845 F.2d 1553 (10th Cir 1988)(25-Years delay between finality of Conviction and filing for Habeas Corpus.); Buchannon vs. Mintzes, 734 F.2d 274 (6th cir 1984)(23-Year delay in filing Habeas Corpus.); Sutton vs. Lash, 576 F.2d 738 (7th Cir. 1978)( 21-Year delay in filing Federal Habeas Corpus.); Miller vs. Pate, 384 U.S. 333 (1966)(12-Year delay in bring a Federal Habeas Corpus); Downd vs. United States, ex rel Cook, 340 U.S. 206 (1951)(20-Year Hiatus in filing a Federal Habeas Corpus Petition).

In the First Circuit, The Court in Oses vs. Com. Of. Mass, 961 F.2d 985 (1st Cir. 1992), Said that prejudice could not exist in a case that took 14-Years to come to the District Court doorstep, The Court concluded that the 14-Year delay eas not his fault. Certainly, "[T]he State bears a heavy burden to (1) Make a particulrized showing of prejudice, (2) show that the prejudice was caused by the Petitioner having filed a late Petition, and (3) show that the Petitioner has not acted with reasonable diligence as a matter of Law." Rideau vs. Whitley, 237 F.3d 472 (5th Cir 2000). The Commonwealth has not carried its burden.

(9)

## OBJECTION FOUR

The Petitioner objects to Magistrate Bowler's allowance of utilization of "Unpublished" opinions from the Repondent's Motion to Dismiss and His Reply Memorandum filed on February 11, 2006.

in the materails submitted by Respondent, Kenneth W. Nelson, The Respondent has violated the unversal Rule of Citation. It is settled practice that Parties to litigation cannot, and, must not cite unpublished opinions. See Szczuka vs. Tucker, 3 F.Supp.2d 58,n3 D. Mass 1997), The First circuit has dealt with this issue and although many Court are split in the application of that rule, The Court took a general approch. See Giese vs. Pierce Chemical Co, 43 F.Supp.2d 98 (D. Mass 1999). The only exception, and Judge's rarely approve such measures, is to utilize "Unpublished" oponions and prove a copy of the unpublished decision on opposing party. See Caron vs. U.S, 183 F.Supp.2d 149 (D Mass 2001)

(10)

## OBJECTION FIVE

The Petitioner objects to Magistrate Bowler's Recommendation to dismiss the Writ of Habeas Corpus based entirely on the failure of the Petitioner to file a Federal Habeas Corpus the year Petitioner's conviction became final after review by the Supreme Judicial Court affirmed the Conviction. As stated in the record, Petitioner didn't receive his Trial Transcript until 1995. as a result Petitioner was in no way to determine that Petitioner had a viable Malice Presumption error claim.

Petitioner never had the opprotunity to choose errors for judicial review. Petitioner's Trial and Appellate (Who are the same Attorney) never discussed any claims and the attorney filed the brief without Petitioner Viewing the Brief. That is a Constitutional violation in itself. After petitioner received the Transripts a Motion for New Trial was promptly filed in State Court. Petitioner did all Petitioner could do to bring the case to the attention of the Court. This Court should find and conclude, as a mater of law, that Petitioner after receiving the transcripts in 1995, that filing of a Motion for new Trial in 1996, is due diligence.

(11)

### OBJECTION SIX

The Petitioner objects to Magistrate Bowler's Prelimanary decision to deny the Petitioner Appointment of Counsel in a Motion that was filed on September 5, 2005. In an order dated November 23, 2005, Magistrate Bowler has denied the Petitioner the experience assistence of Counsel to bring the extroadinary circumstance of this case to the attention of the District Court.

Section 3006A allows for Appointment of Counsel where the interest of justice so require and that person is Financially eligible and seeking relief under the Habeas Corpus Statute. Battle vs. Armontrout, 902 F.2d 701 (8th cir 1990). Judge Bowler abused her discretion in not Appointing Counsel and by so doing, rendered the Proceedings "fundamentally unfair."

(12)

## CONCLUSION

Being that Petitioner concluded the Objects to the instant case, the Petitioner prays that this Honorable Court will take the objects and fully consider the matter as Justice so require..

Date: 3-16-06

Respectfully Submitted,

*[signature]*

MR.Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mas 02324.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHANNON EWING, )<br>    Petitioner, )<br>             )<br>vs.          )<br>             )<br>KENNETH W. NELSON, )<br>    Respondent. ) | Civil Action No<br>C.A. 05-11850-RGS |

### CERTIFICATE OF COMPUTATION OF TIME

Now comes the Petitioner, Shannon Ewing, In the above-entitled matter, Pursuant to Fed.R.Civ.P. 6(d), Respectfully Certify that all documents were Placed in the Prison Mailbox before the expiration of the Ten days provided by the Federal Magistrate Act. "[A] pro se prisoner's written objections to a Magistrate's Report and Recommendation must be deemed filed and served at the moment they are forwarded to Prison Officials for delivery to the District Court. See Lara vs. Johnson, 141 F.3d 239 (5th Cir. 1998); Riley vs. South Carolina, 82 F.Supp.2d 474 (D.S.C. 2000), and the three days to be added for postal Mail service. Donovan vs. Maine, 276 F.3d 87 (1st Cir. 2002)

Sworn this __16th__ day of __March__ 2006.

Respectfully Submitted,

Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
C.A. 05-11850-RGS

SHANNON EWING,
    Petitioner,

vs.

KENNETH W. NELSON,
    Respondent.

### CERTIFICATE OF SERVICE

Now comes the Petitioner, Shannon Ewing, in the above-entitled matter. Pursuant to Fed.R.Civ.P. 5, Respectfully serves notice upon this Honorable Court that I served a True and complete copy of my Objections to Magistrate Bowler's Report and Recommendation and the Certificate of Computation of Time on the Attorney General's Office by Pre-Paid Mail to: Scott Katz, A.A.G. One Ashburton Place, Boston, Mass 02108.

Sworn this \_\_\_16th\_\_\_ day of \_\_\_March\_\_\_ 2006.

Respectfully Submitted,

Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.