UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
C.A. 05-11850-RGS

SHANNON EWING,
    Petitioner,

vs.

KENNETH W. NELSON,
    Respondent.

## MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes the Petitioner, Shannon Ewing, in the above-entitled matter, Pursuant to 28 U.S.C. § 2253(c)(1), Respectfully moves this Honorable Court for a Motion for a Certificate of Appealability to gain Appellate review of a judgment of dismissal of Petitioner's first Pro se Habeas Corpus Petition filed on September 5, 2005.

In support of said Motion, The Petitioner contends that he has been denied a substantial Constitutional Right when the District Court, Stearns, J., dismissed the Petition as "Time-barred" and subsequently dismissed his habeas corpus petition on April 7, 2006.

Simply, Under the AEDPA amendments, a habeas corpus Petitioner can only prosecute an Appeal only if he first obtain a Certificate of Appealability (COA) from the District Court. See Bui vs. Dipaolo, 170 F.3d 232 (1st cir 1999)." [A] Petitioner wishing to Appeal from a denial

(3)

another Evaluation describing The Petitioner as "Unable to relate with interpersoanal effectiveness to the Adult World." This evidence was highly relevant to the question of Petitioner's stste of mind.

The Supreme Court of the United States has reitirated that "[e]vidence about a defendant's background and character [are] relevant because of the belief long held in this society, that defendants who commit criminal acts that are attributed to a disadvantage background or emotional and Mental problems may be less culpable then defendants who have no excuss." Boyde vs. California, 110 S.Ct 1190 (1990).

Under Massachusetts law, Mlaice has been traditionally defined in three formulations: (1) Intent to Kill, (2) Intent to do grevious bodily harm, and (3) In the circumstances known to the defendant, a reasonable prudent person would have known that according to common experience, there was a plain and strong likelihood that death would follow the contemplated act. See Commonwealth vs. Grey, 399 Mass 469 (1987). The Evaluation raises a legitimate issue regarding the Petitioner's knowledge and the Requisite legal state of mind and Trial Counsel rendered ineffectice assistence when Counsel failed to introduce this evidence at Trial. See Strickland vs, Washington, 466 U.S. 668 (1984); Genius vs Pepe 50 F.3d 60 (1st Cir. 1995)

(4)

II. The Petitioner's Due Process Rights
were violated when the Trial Judge's
Unconstitutional Jury instruction
created an Mandatory Presumption.

     In Massachusetts, Malice aforethought is an essentail element of the offense of Murder; and it is the Common ingredient of both First and Second degree Murder. It is the element which disstinguishes the offense of Murder from other homicide offenses. Accordingly, a Correct instruction on malice is critically important in ensuring that the jury fairly and accurately evaluates the evidence against a defendent charged with Murder.

     In the Petitioner's Trial, The judge instructed the jury to presume malice from the intentional use of a deadly weapon thus, effectively setting-up a mandatory presumption to relieve the prosecution of this burden.

     The challenged instruction set-up a mandatory presumption trough the use of a deadly weapon. The Instruction appears no different then the one held Unconstitutional in <u>Yates vs. Aiken</u>, 484 U.S. 211 (1988)("Malice is implied or presumed from the use of a deadly weapon".) Although malice **can be inferred** from the use of a deadly weapon, <u>United States vs. DeWolf</u>

(5)

692 F.2d 1 (1st Cir. 1982), The use of a deadly weapon does not automatically require a jury to presume Malice. United States vs. Vallez, 653 F.2d 403 (1981)(Instruction that did not require the jury to infer malice from use of deadly weapon, was proper.) In otherwords, It is the independent presence of malice that permits a stabbing to be termed murder and not manslaughter. See Hill vs.Maloney, 927 F.2d 646 (1st cir. 1990).

This is so because the Federa Courts have recognized that malice can be negated when the intention to use s deadly weapon was formed in the heat of passion or sudden affray. The instruction ste-up a mandatory presumption in strict violation of Sandstrom vs.Montana, 442 U.S. 510 (1979).

The jury was instructed that if they found the Petitioner did the act alleged (Act of stabbing) Then they were instructed to imply malice. Ordinarily, a reasonable juror, according to their instructions, could have believe if they found the Petitioner did the stabbing they were required to imply malice. Thus, The Commonwealth was not forced to prove "beyond a reasonable doubt. . . every fact necessary to constitute the crime charged." In Re Winship, 379 U.S. 358 (1970), Nor could it be said that the Petitioner's errorneous malice instruction was saved by a comprehensive instruction as to the Commonwealth's burden of proving

(6)

the Petitioner guilty of every essentail element of the crime charged. Compare Commonwealth vs. Repoza, I, 382 Mass. 119 (1980)

In addtioin to the malice presumption from the intentional use of a deadly weapon, the Trial judge compounded this error when the Trial judge instructed the jury that "[M]alice may be inferred or implied by you jurors in every deliberate or cruel act done to another, however-sudden, for the mind, as you know, operates with an almost infinite rapitity." (TR.v-55) This statement by the Trial judge was error. See Libby vs. Duval, 19 F.3d 733 (1st cir. 1994), and the erroneous malice instruction had injurous effect on the verdict, the hotly contested issue at Trial was Malice.

III. A Substantial showing of a denial of a Constitutional Rights.

The Petitioner has carried his burden to demonstrating that he was denied a Constitutional Rights in the Trial in his Murder Trial. As a Practicle matter, In order for a Petitioner to gain Appellate Review of a Dismissed Petition, The Petitioner has to demonstrate that he was denied in his Trial a Substantial Constitutional Right(s). The Petitioner has alleged facts that are sufficient to satisfy the "Showing" test of the violation. See Tejeda vs. Dubois, 142 F.3d 18 (1st Cir 1998):

(7)

Slack vs. McDaniel, 120 S.Ct. 1595 (2000).The District Court sought dismissal of the instant Petition for "Timely" issues relating to the "Impediment" clause of § 2244(d)(1)(B). The Petitioner contends that under the section the Petitioner's Petition was Timely..

Wherefore: The Petitioner Prays that this Honorable Court grants, without delay, a Certificate of Appealability.

### Verification

I have read the allegations set forth in this Motion, and they are all true to the best of my knowledge and belief.

Signed under the Pains and Penalties of Perjury

Sworn This ___23rd___ day of ___April___ 2006.

_____
signature

Respectfully Submitted,

_____
Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11850- RGS

SHANNON EWING

v.

KENNETH W. NELSON

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

April 7, 2006

STEARNS, D.J.

Because I agree with Magistrate Judge Bowler that the petition is time-barred notwithstanding the earlier stay granted by the district court, the Recommendation is ADOPTED, the stay is LIFTED, and the petition is DISMISSED with prejudice.[1]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] I also agree with Magistrate Judge Bowler that this is not one of those exceptional cases meriting application of the doctrine of equitable tolling. I have considered the petitioner's six objections to the Report and find that none has merit.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No
C.A. 05-11850-RGS

SHANNON EWING,
    Petitioner,

vs.

KENNETH W. NELSON,
    Respondent.

## CERTIFICATE OF SERVICE

Now comes the Petitioner, Shannon Ewing, In the above-entitled matter, Pursuant to Fed.R.Ci.P. 5, Respectfully serves his Notice upon this Honorable Court that I served a True and Complete copy of my MOTION FOR A CERTIFICATE OF APPEALABILITY on the Attorney General's Office, By Pre-Paid Mail To: One Ashburton Place, Boston, Mass 02108. On This __23rd__ day of __April__ 2006.

Respectfully Submitted,

_____
Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.