UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
05-11850-RGS

```
                          )
                          )
SHANNON EWING,            )
     Petitioner,          )
                          )
     vs.                  )
                          )
KENNETH W. NELSON,        )
     Respondent.          )
                          )
```

## MEMORANDUM OF LAW IN SUPPORT

## OF

## MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes the Petitioner, Shannon Ewing (Ewing), Respectfully serves his Memorandum upon this Honorable Court Pursuant to District Court Local Rule 22.1(b).

## PROCEDURAL HISTORY

The Petitioner, Shannon Ewing, was indicted by an Essex County Grand Jury (NO. 014183) for Murder (G.L.c 265 § 1) of one Americo Scarelli; Petitioner was tried before Honorable Robert T. Ronan and a jury in the Essex County Superior Court on April 6, 1989 to April 14, 1989, where said jury convicted Petitioner of Second Degree Murder and was sentenced to life imprisonment with the possibility of Parole to MCI-Cedar Junction on April 14, 1989.

(2)

Petitioner, with the aid of Trial Counsel, Appealed his conviction to the Massachusetts Appeals Court. On March 22, 1991, The Appeals Court affirmed the conviction. and on April 29, 1991, the Massachusetts Supreme Judicial Court (SJC) denied further Appellate Review pursuant to Mass.R.App.P 27.1. Soon after Counsel withdrew.

Over the next couple of years, Petitioner requested the trial transcripts from Counsel and on May 12, 1992, Counsel informed the Petitioner that he would have to procure One Hundred dollars to pay for the transcripts. Petitioner told Counsel that due to Petitioner's indigency Petitioner couldn't get the funds.

On or about November 3, 1994, Petitioner sent a check to Counsel in the amount of $100.00 dollars. On November 29, 1994, Counsel sent the transcripts together with the check. On November 21, 1996, Petitioner filed his first Pro se Motion for a New Trial pursuant to Mass.R.Crim.P 30 accompanied with a Motion for Appointment of Counsel. On January 31, 1997, Honorable Justice Bohn, of the Essex County Superior Court denied the Motion W/O a hearing.

On February 18, 1997, Petitioner filed a Notice of Appeal from that judgment. On September 16,1997, the Appeals Court sent a notice of a 17A dismissal. On September 26, 1997, Petitioner filed a Motion for reinstatement of Appellate Rights. On October 28, 1997, Petitioner filed a motion to accept briefs as filed. On that same date the Appeals Court denied all Petitioner's Motions. On October 29, 1997, The Petitioner

(3)

sent a letter to the Massachusetts Appeals Court explaining Petitioner's
pro se status and requesting Counsel and to accept briefs as filed .
On November 3, 1997, The Appeals Court dismissed Petitioner's Appellate
Rights

## ARGUMENT

Before the enactment of the new Federal Habeas Corpus law came
into effect, a Prisoner wishing to file for habeas corpus review was
not held to the strict standards of habeas corpus review. Under the
new ADEPA's Amendment, a Prisoner wishing to file for such Review only
has One Year after his State Conviction becomes final. See Gaskins vs.
Duval, 183 F.3d 9 (1st Cir 1997), Therefore, a Prisoner who Petitions the
Federal Court on a Habeas Corpus context must file : for such review when
his State conviction becomes final.

However, a Petitioner who fails to bring such a challenge :within
that one year period must fall into one of those protected clauses. See
Rodriquez vs. Artuz, 990 F.Supp 275 (D.Pa. 1997), One of those clauses to
the amended Habeas Corpus Statute is imputed to the State by some
Unconstitutional action. Simply, "[a] Petitioner relying on this provision
for the limitation period for Federal Habeas Corpus action must ' allege

(4)

facts that establish that he [or she] was so inhibited by the State's action that he was unable to file and state a legal cause of action before the limitation period expired." Neuendorf vs. Graves, 110 F.Supp. 2d 1144 (N.D. Iowe 2000). for a Petitioner to satisfy his burden of proving there was an "Impediment" by such State action. See Libby vs. Magnusson, 177 F.3d 43 (1st Cir. 1999)("Impediment by such State action in violation of the United States Constitution is removed, If applicant was prevented from filing."). Thus, to satisfy a claim to the protection of § 2244(d)(1)(B), the Petitioner has to establish, (1) That such State action was contrary to the United State Constitution, and (2) That the unconstitutional violation hindered Petitioner from filing a timely Federal Habeas Corpus Petition.

      The Petitioner fairly stated that Unconstitutional hinderance to the District Court when Petitioner demonstrated the Unconstitutional actions of the Massachusetts Appeals Court in denying to docket the Appeal that was properly before them. See Chhoeum vs. Shannon, 219 F.Supp 2d 649 (E.D. Pa. 2002). Petitioner presented his Appeal properly to the Massachusetts Appeals Court accordingly to their modes of procedure. See Artuz vs. Bennett, 531 U.S. 4 (2000), and the Appeals Court refused to docket a Appeal that was properly before them. See Shannon vs. Newland, 410 F.3d 1083 (9th cir 2005). The Appeals Court had no legitimate reason not to docket Petitioner's Appeals' brief. Although, congress have not

(5)

defined what constitutes as a impediment, "[A] Plurality of the Supreme Court has also suggested that provision would apply if a State Court . . . refuse[d] to rule on a Constitutional claim that ha[d] been properly presented to it." Lackawanna County Dist. Att'y vs. Coss, 532 U.S. 394, 121 S.Ct 1567 (2001). My [A]pplication [was] properly filed when its delevery and acceptence [was] in compliance with the Applicable [Appeals Court] laws. Artuz vs. Bennett, 531 U.S. 4 (2000). In this Commonwealth there are two cases that illustrate Petitioner's argument.

   In Commonwealth vs. Avellar [416 Mass 409] and Commonwealth vs. MacKenzie [413 Mass 498], these two cases involved briefs being allowed to exceed their page limit by the Commonwealth. In Avellar the States allowed the Attorney to exceed the limit and file a 106 page brief. and inm MacKenzie, the Commonwealth to file a 105 page brief. while the Commonweralth denied the Petitioner proceeding pro se to file an 82 page brief. To allow both Counsel's for those cases to exceed and then to deny the Petitioner would operate to deny the Petitioner the right to Massachusetts Appellate process. See Douglas vs. California, 372 U.S. 353 (1963); Anders vs. California, 386 U.S. 738 (1967). This Unconstitutiona impediment was removed in 2004 when that Court allowed Petitioner's Motion for Reinstatement of Appellate Rights.

(6)

In <u>Whalem vs. Early</u>, 204 F.3d 907 (9th cir 2000), The Ninth circuit
granted a Certificate of Appealability (COA) only on the issue of
whether the failure to provide AEDPA material constituted an
impediment to filing the Petition such that <u>Whalem/Hunt</u> was entitled
to a later triggering date under § 2244(d)(1)(B). <u>Id</u>

It is no doubt that when a State denied the Petitioner the Right
to Appellate Review when it failed to consider an issue properly before
it, that constitutes an impediment. <u>See Millus vs. D'Angelo</u>, 224 F.3d
137 (2nd Cir 2000).

In <u>Minter vs. Beck</u>, 230 F.3d 663 (2000), The SixCircuit Stated that
"[B]ecause the term impediment is not defined in the AEDPA, the Court
turned to the dictionary definition for its common meaning, i.e.
hinderance, Obstruction. The Court reasoned that impediment is
synonymous with the word obstruction. <u>Id</u>. For the Appeals Court, from
the common usage of the word, attempted to obstruct Petitioner's
attempts at gaining review of Petitioner's State Conviction. <u>See
Minter vs.Beck</u>, 230 F.3d 663 (5th Cir 2000).

(7)

## CONCLUSION

Petitioner's Memorandum plainly States that he faced an impediment
that hindered Petitioner's attempts to gain Federal Review inasmuch,
Petitioner prays that this Honorable Court grants Petitioner a
Certificate of Appealability on the issue of a State created Impediment.


Date: 5-15-06

Respectfully Submitted,

Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
FILED
IN CLERKS OFFICE
Civil Action
2006 APR 26  A 11: 81    C.A. 05-11850-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

)
SHANNON EWING,                    )
        Petitioner,               )
                                  )
        vs.                       )
                                  )
KENNETH W. NELSON,                )
        Respondent.               )
                                  )
_____)

DOCKETED

### MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes the Petitioner, Shannon Ewing, in the above-entitled
matter, Pursuant to 28 U.S.C. § 2253(c)(1), Respectfully moves this
Honorable Court for a Motion for a Certificate of Appealability to
gain Appellate review of a judgment of dismissal of Petitioner's first
Pro se Habeas Corpus Petition filed on September 5, 2005.

In support of said Motion, The Petitioner contends that he has
been denied a  substantial Constitutional Right when the District Court,
Stearns, J., dismissed the Petition as "Time-barred" and subsequently
dismissed his habeas corpus petition on April 7, 2006.

Simply, Under the AEDPA amendments, a habeas corpus Petitioner
can only prosecute an Appeal only if he first obtain a Certificate of
Appealability (COA) from the District Court. See Bui vs. Dipaolo, 170
F.3d 232 (1st cir 1999)." [A] Petitioner wishing to Appeal from a denial

*[handwritten in left margin:]* denied. properly dismissed R.M. Stearns DJ 4-27-06. I remain of the view that the petition was untimely and therefore

*[handwritten bottom right:]* 28

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
No. 05-11850-RGS

_____ )
                        )
SHANNON EWING,          )
    Petitioner,         )
                        )
    vs.                 )
                        )
KENNETH W. NELSON,      )
        Respondent.     )
                        )
_____ )

### CERTIFICATE OF SERVICE

Now comes the Petitioner, Shannon Ewing, in the above-entitled

matter, Pursuant to Fed.R.Civ.P. 5, Respectfully serves notice upon this

Honorable Court that I served the Respondent a True and Complete copy

of my Memorandum of Law in support of my Motion for Certificate of

Apealability on the Respondent by addressing the envelope pre-paid mail

to: Mr. Scott Katz, A.A.G. One Ashburton Place, Boston, Mass 02108.

Sworn this ___15th___ day of ___MAY___ 2006.

Respectfully Submitted,

Shannon Ewing, Pro se
Bridgewater State Hospital
20 Administration Rd
Bridgewater, Mass 02324.