# MANDATE
# United States Court of Appeals
## For the First Circuit

No. 06-1793

SHANNON EWING,

Petitioner, Appellant,

v.

KENNETH W. NELSON,

Respondent, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Selya and Lipez, <u>Circuit Judges</u>.

JUDGMENT

Entered: August 11, 2006

    Petitioner Shannon Ewing seeks a certificate of appealability (COA) to appeal from the dismissal of his petition pursuant to 28 U.S.C.§ 2254 as untimely. Where, as in this case, the district court has dismissed a habeas petition on procedural grounds, without reaching the merits of the underlying constitutional claims, a COA may issue only if the petitioner has shown: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000).

In his COA memorandum, petitioner argues that the district court erred in failing to apply the statutory tolling provision which starts the one-year limitation period on

> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action.

28 U.S.C. § 2244(d)(1)(B). He contends that the impediment was the Massachusetts Appeals Court's refusal to docket his eighty-two-page brief on appeal from denial of his first motion for new trial because it exceeded the fifty-page limit under Mass. R. App. P. 16(g).

Reasonable jurists could not find it debatable that the district court did not err in applying § 2244(d)(1)(B) to toll the one-year limitations period. Petitioner has failed to demonstrate that reasonable jurists could find that application of Rule 16(g) violated the Constitution or laws of the United States. See Jones v. Barnes, 463 U.S. 745, 753 (1983) (recognizing that "page limits on briefs are widely imposed"); cf. Mueller v. Angelone, 181 F.3d 557, 585 (4th Cir. 1999) (holding that "[t]he existence of a page limitation that affords a petitioner ample opportunity to present numerous claims, forcing only some small measure of strategic choice" does not constitute "cause" for petitioner's procedural default). Nor has he shown that reasonable jurists could find that the page limitation prevented him from filing his § 2254 petition. At most, the page limit required petitioner to make strategic choices about which points to emphasize in his Massachusetts Appeals Court brief.

Petitioner's request for a COA is <u>denied</u> and the appeal is <u>terminated</u>.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By:_____
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk
Date: 9/5/06

[cc: Shannon Ewing, Scott Katz, AAG]